**LALLY v. STATE et al.**

No. 8933.

Court of Civil Appeals of Texas. Austin.
March 20, 1940.

Rehearing Denied April 10, 1940.

Harry C. Weeks and R. B. Cannon, both of Ft. Worth, for appellant.

Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Ocie Speer, and Morris Hodges, Asst. Attys. Gen., for appellees.

Kemper, Hicks & Cramer, of Houston, and Saner, Saner & Jack, of Dallas, amicus curiae.

BLAIR, Justice.

This is an appeal from an order overruling the plea of privilege of appellant, Ed. Lally, to be sued in Tarrant County, the county of his residence. The suit was instituted under authority of the Texas Unemployment Compensation Act, herein, referred to as Compensation Law, by the State of Texas and its Attorney General

to recover the contributions or taxes and penalties alleged to be due by appellant as an employer under the Compensation Law. Art. 5221b—12(b) Vernon's Civil Statutes. Venue of the suit was sustained in Travis County under two articles of the statutes,— Art. 7076, which relates to venue of suits of the state for taxes and penalties, and which provides that: "The venue and jurisdiction of all suits arising hereunder is hereby conferred upon the courts of Travis County." And Art. 7076a, which provides that: "It is further specifically provided that all of the provisions of this Act shall apply and be applicable to all delinquent State taxes due and owing to the State of Texas, of every kind and character whatsoever, including all franchise, occupation, gross receipts, gross production, gross premiums tax on insurance companies, inheritance, gasoline, excise and all other State taxes which become delinquent other than State ad valorem taxes on property."

■ ■ Appellant concedes that if the sums of money sued for are taxes other than state and ad valorem taxes on property, and penalties, then the venue of the suit is properly laid in Travis County under the statutes quoted. We hold that the sums sued for are such taxes and penalties and that the venue of the suit is in the District Court of Travis County.

The Texas Compensation Law (Art. 5221b—1 et seq.) is a comprehensive scheme providing for unemployment benefits to laborers employed within this state by the employers designated therein. It was enacted by the Legislature, among other purposes, to comply with the Federal Social Security Act, 49 Statutes 620–648, 42 U.S.C.A. §§ 301 to 1304, which imposes an excise tax on employers of eight or more employees at progressively increasing rates to be paid into the United States Treasury, and provides that the tax so imposed may be credited with not in excess of 90% of the amount of any contributions paid by such employers under any approved state law. Under the Compensation Law here involved, and when levied and collected by the state organization, the contributions, fines, penalties, and interest are deposited in the State Treasury to a special account designated as the "Unemployment Compensation Administration Fund," which is then transmitted to and deposited in the United States Treasury to a fund designated "Un-

employment Trust Fund," which is repaid on the requisition of the state agency for its use in the administration of the state Compensation Law, and the act appropriates all monies so collected for that purpose.

The Texas Compensation Law provides in its title that its enactment is for the purpose of creating and providing an unemployment compensation system and imposes a "tax" on employers of eight or more persons for the purpose of paying unemployment benefits. Its preamble declares that its enactment is for the "public good and general welfare of the citizens of this State," and that "the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own" is necessary. Acts 1936, 3d Called Sess., c. 482, §§ 1, 2. It provides for unemployment benefits, the amount thereof, and the method of computing same. It creates the Texas Unemployment Compensation Commission to administer the state law in accordance with the Federal Social Security Act; and imposes a schedule for "contributions" which each employer is required to pay; and provides for the method for computing the annual "contributions" or taxes; and it provides the method of refund of "all payments of levies and taxes made hereunder" and unexpended, if the Social Security Act should be declared unconstitutional, or if the contributions are for any reason not due.

Before amendment, the Compensation Law, Acts 1936, 3d Called Sess. c. 482, § 14(a), under which the sums here sued for became due, provides that: "Contributions unpaid on the date on which they are due and payable, as prescribed by the Commission, shall bear interest at the rate of one (1%) per centum per month from and after such date until payment plus accrued interest is received by the Commission. Interest collected pursuant to this subsection shall be paid into the Unemployment Compensation Fund."

And as emphasizing the purpose of the Compensation Law as being public rather than as creating a trust fund, it provides that: "The Legislature reserves the right to amend or repeal all or any part of this Act at any time; and there shall be no vested private right of any kind against such amendment or repeal. All the rights, privileges, or immunities conferred by this Act or by acts done pursuant thereto shall

exist subject to the power of the Legislature to amend or repeal this Act at any time."

The "contributions" herein sued for are in all material respects similar to the "contributions" required by the "Unemployment Compensation Act" of the state of Alabama; and the Supreme Court of that state has declared such "contributions" to be "taxes". Becland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516. In the case of Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 871, 81 L.Ed. 1245, 1255, 109 A.L.R. 1327, the Supreme Court of the United States approved the holding of the Alabama Supreme Court, as follows:

"In Beeland Wholesale Co. v. Kaufman, supra, the Supreme Court of Alabama held that the contributions which the statute exacts of employers are excise taxes laid in conformity to the constitution and laws of the state. While the particular name which a state court or legislature may give to a money payment commenced by its statute is not controlling here when its constitutionality is in question, cf. Educational Films Corp. v. Ward, 282 U.S. 379, 387, 51 S.Ct. 170, 171, 75 L.Ed. 400, 71 A.L.R. 1226; Storaasli v. Minnesota, 283 U.S. 57, 62, 51 S.Ct. 354, 355, 75 L. Ed. 839; Wagner v. Covington, 251 U.S. 95, 102, 104, 40 S.Ct. 93, 94, 64 L.Ed. 157, 168; Standard Oil Co. v. Graves, 249 U. S. 389, 394, 39 S.Ct. 320, 63 L.Ed. 662, we see no reason to doubt that the present statute is an exertion of the taxing power of the state. Cf. Carley & Hamilton v. Snook, 281 U.S. 66, 71, 50 S.Ct. 204, 206, 74 L.Ed. 704, 68 A.L.R. 194.

"Taxes, which are but the means of distributing the burden of the cost of government, are commonly levied on property or its use, but they may likewise be laid on the exercise of personal rights and privileges. As has been pointed out by the opinion in the Chas. C. Steward Machine Co. Case [Chas. C. Steward Mach. Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293], such levies, including taxes on the exercise of the right to employ or to be employed, were known in England and the Colonies before the adoption of the Constitution, and must be taken to be embraced within the wide range of choice of subjects of taxation, which was an attribute of the sovereign power of the states at the time of the adoption of the Constitution, and which

was reserved to them by that instrument. As the present levy has all the indicia of a tax, and is of a type traditional in the history of Anglo-American legislation, it is within state taxing power, and it is immaterial whether it is called an excise or by another name. See Barwise v. Sheppard, 299 U.S. 33, 36, 57 S.Ct. 70, 71, 81 L.Ed. 23. Its validity under the Federal Constitution is to be determined in the light of constitutional principles applicable to state taxation."

The decisions in these cases are in accord with our views and are so decisive of the question that the contributions exacted by our Compensation Law are excise or other state taxes (other than state ad valorem taxes on property), that further discussion of the question is not necessary. Having so determined, it follows that the venue of the suit by the state to recover such taxes is in Travis County under the terms of Arts. 7076 and 7076a, supra. These statutes are broad and comprehensive in their terms, express the long established policy of the legislature to fix the venue of suits for delinquent taxes (other than ad valorem taxes) due the state in Travis County. They fix the venue of every character of suit for delinquent taxes (other than ad valorem taxes), including taxes which might thereafter be levied; and this is true even though the subsequent taxing statute is silent as to venue. The venue statutes are intended to apply when any character of taxes due the state is sought to be recovered by suit; and they fix the venue of such suit in Travis County.

■■ The question raised as to whether the District Court has jurisdiction of the suit because the amount of the contributions or taxes sued for is less than $500, is not determinable on this appeal from the interlocutory order determining only the venue issue. But if so, the contention is without merit because the suit is also one for penalties due the state, and Sec. 8, Art. 5, of the State Constitution, Vernon's Ann.St., provides that, "the District Court shall have original jurisdiction * * * in all suits in behalf of the State to recover penalties," etc.

■ It is true that the Compensation Law, before amendment, and under which the sums sued for herein accrued, provides that past due contributions or taxes "shall bear interest at the rate of one (1%) per centum per month," but the socalled "in-

terest" is a penalty, and is recoverable only in the District Court. The calling of a penalty imposed by a statute for delay in payment of taxes, "interest" does not make it interest. This question was determined by our Supreme Court in the case of Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 133, 79 A.L.R. 983, wherein the court say:

"This view of the law makes it necessary for us to determine whether or not the interest exactions shown in some of the statutes, past and present, for tax delinquencies are to be regarded as interest eo nomine, imposed and demanded by the state as compensation for the detention of money, or whether such interest exactions are penalties, and subject to the same legislative power. We have carefully considered the history of our tax legislation, from the first act of the Republic to the law here involved. On the whole, we have concluded that the impositions made for delinquency in rendering property for taxation, and for failure to pay taxes, whether these impositions are denominated 'penalties,' 'interest,' 'forfeitures,' or whether prescribed without definition or name, are all in reality penalties imposed for delinquency or failure of duty, and all enacted in aid of the state's revenue, rather than as charges made by the state for the use or detention of its money. In other words, the exactions are 'penalties' rather than 'interest' in the commercial or statutory sense.

\* \* \* \* \* \*

"In the first place, impositions for failure to make returns of and pay occupation taxes and other business and special taxes have been from the beginning to the present time penalties, sometimes named as such, sometimes referred to as forfeitures or fines, sometimes as 'double the amount of the tax,' or defined in some other manner, but all so plainly penalties that we deem an analysis and discussion of the laws unnecessary."

 It is further contended that if this court should hold that the "contributions" levied by compensation statute are taxes, then it is void upon several constitutional grounds. These attacks upon the constitutionality of the statute go to the merits of the case and are not determinable on this appeal from the interlocutory order overruling the plea of privilege. The issue raised by the plea of privilege relates solely to venue and the court has no jurisdiction to determine any matter or question involving the merits of the controversy until the venue issue is settled. Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358, 360; Sumner v. Volunteer State Ins. Co., Tex.Civ.App., 100 S.W.2d 1079, 1083; Farmers Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Highway Motor Freight Lines v. Slaughter, Tex.Civ.App., 84 S.W.2d 533, 537.

The order overruling the plea of privilege is affirmed.

Affirmed.