## BARRETT v. STATE.

### No. 8921.

Court of Civil Appeals of Texas. Austin.

March 20, 1940.

Rehearing Denied April 10, 1940.

Grady Barrett, of San Antonio, for appellant.

Gerald C. Mann, Atty. Gen., and George W. Barcus, Ocie Speer, and Morris Hodges, Asst. Attys. Gen., for appellee.

Kemper, Hicks & Cramer, of Houston, and Saner, Saner & Jack, of Dallas, amicus curiae.

BLAIR, Justice.

This appeal is from an order overruling the plea of privilege of appellant, Thurman Barrett, to be sued in Bexar County, the county of his residence. The suit was brought by the State and its Attorney General to recover the "contributions" or taxes and "interest" or penalties alleged to be due by appellant as an employer under the Texas Unemployment Compensation Act, Vernon's Ann.Civ.St. art. 5221b—1 et seq. The case is companion to the case of Lally v. State, 138 S.W.2d 1111, this day decided by this court, except in the instant case the additional proposition is presented that: "The caption of Senate Bill No. 412, Acts 43rd Leg., Regular Session, p. 581, wherein Article 7076, Chapter 2, Title 122, Revised Statutes of Texas of 1925, was amended [Vernon's Ann.Civ.St. art. 7076], is misleading and deceptive, in that there is no intimation in said caption that Sections 1 and 2 of said Act would apply to any other additional taxes thereafter levied by the State of Texas, not contained in Title 122 of said Statutes, such as contributions to the Texas Unemployment Compensation Fund, required under an entirely different Title to said Statutes, and therefore, said Section 2 (Article 7076a, Vernon's) violates Section 35, Article 3 of the Constitution [Vernon's Ann.St.]."

The material portion of the title to the amendatory act reads: "An Act for the purpose of strengthening and providing for a stronger and more efficient administration and enforcement of all inheritance, occupation, gross receipts, gross production taxes, gross premiums taxes on insurance companies, gasoline, excise, sales, and all other State taxes, including intangible, and all character of delinquent State taxes other than ad valorem taxes on property; * * * fixing venue and jurisdiction of all suits in the courts of Travis County; * * *."

This title to the amendatory act is broad enough to cover every character of taxes due the state (other than ad valorem taxes on property), and fixes venue in Travis County. The title enumerates or mentions with reasonable certainty to apprise both the legislators and the public interested in the matter, the scope of the venue legislation and its probable contents, and particularly that venue of suits by the state for "all character of delinquent State taxes other than ad valorem taxes on property" is in Travis County. These venue statutes are broad and general in their nature, and were intended to include taxes which might thereafter be levied, and were intended by the legislature to apply when any such character of taxes due the state is at any time sought to be recovered by suit.

The other questions raised on this appeal from the interlocutory order overruling the plea of privilege have been this day decided in the Lally case, supra; and the order appealed from in the instant case is affirmed.

Affirmed.