

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

> Opinion No. 0-5249
> Re: Under provisions of Article 4350,
> V. A. C. S., should the Comptroller
> of Public Accounts issue warrant
> in payment of benefit claim to
> Frank Edward Benoit?

We are in receipt of your letter of April 20, 1943, with which you enclosed a letter dated April 19, 1943, from Mr. Lee G. Williams, Director, Unemployment Compensation Division of the Texas Unemployment Compensation Commission, and a ruling of this department is sought as to whether or not the Comptroller of Public Accounts is authorized in view of Article 4350, V. A. C. S., to issue a warrant to Frank Edward Benoit for the sum of $22.00, under the facts reflected by your letter and that of Mr. Williams, and further is the State entitled to an offset?

For convenience we quote below your letter; also the letter of Mr. Williams:

"I am attaching hereto certification for payment of benefits to Frank Edward Benoit as filed in this department by the Texas Unemployment Compensation Commission, together with a letter from the Texas Unemployment Compensation Commission stating that Frank Edward Benoit is indebted to the State of Texas by reason of a judgment in favor of the State against him in the amount of $400.51. In view of Article 4350, V. A. C. S., this department requests your ruling as to whether warrant should issue in payment of this benefit claim of $22.00.

"The question of offset is raised in the attached letter from the Texas Unemployment Compensation Commission. This department may not be directly interested in the question of offset in this particular claim, but since the question arises in connection with other claims I will thank you to answer that question submitted to this department by the Texas Unemployment Compensation Commission."

"In connection with the attached certification for payment of benefits to the above claimant, we wish to give you the following facts confirming our verbal discussion in your office a few days ago:

"We have a judgment against this individual in the amount of $400.51, plus accrued interest and penalties. This amount covers delinquent contributions which he owed this Commission in his status as an employer subject to the Texas Unemployment Compensation Act during the years 1939 and 1940. On February 9, 1943, this individual filed an initial claim for benefits which was approved for $130.20.

"In view of Article 4350, V. R. C. S., relating to the duties of the Comptroller, and reading, 'No warrants shall be issued to any person indebted to the State, or to his agent or assignee, until such debt is paid,' it occurred to us that it was our duty to call this matter to your attention and let you decide the question.

"Section 15(c) of the Texas Unemployment Compensation Act provides that no assignment, pledge, or encumbrance of any right to benefits shall be valid; that 'such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual. . . shall be exempt from any remedy whatsoever for the collection of all debts. . .' Since this language indicates a clear legislative intent that a claimant's rights to benefits should be protected against almost any contingency, it may have some bearing upon this case.

Hon. Geo. H. Sheppard, page 3

"In view of the fact that the courts have recognized
the right of offset under Article 4350 quoted above, we
are also interested in the question as to whether or not
we can offset our claim of $400.51 against the amount of
benefits due this individual in his capacity as a claimant."

Article 4350, V. A. C. S., reads as follows:

"No warrant shall be issued to any person indebted
to the State, or to his agent or assignee, until such
debt is paid."

That the contributions provided for in the Texas
Unemployment Compensation Act are taxes "other than ad valorem
taxes" is no longer an open question in this State. While
denominated contributions, they are nonetheless taxes. Friedman
v. American Surety Co., 151 S. W. (2d) 570; In re Mytinger,
D. C., 31 F. Supp. 977; Lally v. State, 138 S. W. (2d) 1111.

Since the item of $400.51 recovered by the State
against Frank Edward Benoit for delinquent contributions (taxes)
owing by him as an employer, subject to the Texas Unemployment
Compensation Act during the years 1939 and 1940, is a tax, the
question arises as to whether or not this tax is a debt owing
the State, or whether or not Benoit "is a person indebted to
the State", to use the exact language of the statute. That a
state tax is not a debt in the ordinary acceptation of the
term has been so universally accepted in our jurisprudence that
we do not deem it necessary to cite extended authority. The
following cases are noted: Dallas Joint Stock Land Bank v.
Ellis County Levy Improvement District No. 3, 55 S. W. (2d) 227;
United States v. Proctor, 286 F. 272; Heco v. Teller Co.,
196 F. 634; Forest City Manufacturing Co. v. Levy, (Mo.) 33 S. W.
(2d) 984; Bell v. Trosper, 77 P. (2d) 544; and enough is quoted
from these cases to support the accepted general rule that taxes
are not debts or that one who owes taxes is not indebted to the
State. In the case of Dallas Joint Stock Land Bank of Dallas
v. Ellis County Levy Improvement District No. 3, supra, the
court said:

"A tax is not a debt in the usual and ordinary sense
of the word. Citing City of New Orleans v. Davidson,
30 La. Ann. 541, 31 Am. R. 228; Cooley on Taxation (2d Ed.)
15."

Hon. Geo. H. Sheppard, page 4

To the same effect is the holding of Judge J. C. Hutcheson, Jr., while Judge of the Federal District Court of the Houston Division, now on the 5th Circuit Court of Appeals, in the case of United States v. Proctor, supra:

"That the tax is not a debt, and that interest does not arise upon it, unless and except in accordance with the provisions of the statute, is settled by the universal current of authority. . . ."

Judge Hutcheson quoted further with approval in an opinion by Judge Sanborn, in Crabtree v. Madden, 54 F. 431, in the following language:

"Taxes are not debts. They do not rest upon contract, express or implied. They are imposed by the legislative authority without the consent and against the will of the persons taxed, to maintain the government, protect the rights and privileges of its subjects, or to accomplish some authorized special purpose. They do not draw interest, are not subject to set-off, and do not depend for their existence or enforcement upon the individual assent of the taxpayers."

The term "debt" in its ordinary sense does not include a tax. This is supported by cases from practically every state in the Union, as will be found by an examination of Words & Phrases, Vol. 11, page 285.

It follows, then, that the tax due by Frank Edward Benoit, not being a debt, does not come within the purview of Article 4350, V. R. C. S., and consequently you would not be authorized to withhold the issuance of a warrant to him for benefits to which he might be legally entitled as an employee under the Texas Unemployment Compensation Act.

It may be that our courts will construe Sec. 15, Sub-division C, of the Texas Unemployment Compensation Act, which reads as follows:

Hon. Geo. H. Sheppard, page 5

"No Assignment of Benefits; Exemptions: No assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable under this Act shall be valid; and such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts except debts incurred for necessaries furnished to such individual or his spouse or dependents during the time when such individual was unemployed. No waiver of any exemption provided for in this subsection shall be valid."

so as to accord protection to a claimant under a state of facts such as you submit, but we prefer to base our opinion upon the principles announced in the decisions to which we have referred.

We believe that our answer to the first question is also a sufficient answer to the second question as to whether or not the State would have the right to offset its judgment against the $22.00 claim of Frank Edward Benoit, who as an employee has already been adjudged entitled to this sum of money.

We think the case of Dallas Joint Stock Land Bank of Dallas v. Ellis Levy Improvement District No. 3, supra, is ample authority to hold in this State that the judgment in this case cannot be offset against the compensation claim of the employee, Frank Benoit, for it in effect holds that a claim against the State or municipality cannot be set off against a tax demand, and obviously the converse of this would be equally true. In the case of Hibbard v. Clark, 6 N.H. 155, 22 Am. R. 442, it was held under a statute in that state, which provided that where there are mutual debts or demands between a plaintiff and the defendant at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other, that the same should not be construed to include taxes assessed by a township, the trustee, in a suit against the principal defendant, so that they may be set off against the sums due from the trustee to the defendant.

Moreover, we believe that the broad language of Sec. 15, Subsection C, of the Texas Unemployment Compensation Act, is sufficient to protect this employee against any claim for offset by virtue of the judgment for taxes against him. It will be observed that the language of this section of the statute provides that "shall be exempt from any remedy whatsoever for the collection of all debts." A counterclaim or set-off is only another method or remedy of collecting a debt, and even if the taxes were debts of the taxpayer, which they are not in the sense here considered, we are inclined to the view that the language of the statute precludes any set off or counterclaim.

It follows from what we have said above that we are of the opinion that the Comptroller of Public Accounts is not authorized to withhold the issuance of a warrant to this employee by virtue of Article 4350; and further that this claim for unemployment compensation insurance cannot be offset against the judgment for taxes against him while he was an employer, under the Texas Unemployment Compensation Act.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 5, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By L. P. Loller
Assistant

LPL:AMM

APPROVED OPINION COMMITTEE BY CHAIRMAN