QUICK PAY INS. CO. v. STATE et al.

No. 9823.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1949.

Margaret A. Brand, of Dallas, for appellant.

Price Daniel, Attorney General of Texas; J. A. Amis, Jr., Ass't. Att'y. Gen'l., for appellees.

ARCHER, Chief Justice.

This suit was instituted in the 126th Judicial District Court, Travis County, Texas, by the State of Texas and Price Daniel, Attorney General of Texas, under the provisions of Art. 5221b V.C.S., and particularly Sec. 12(b) thereof, against Quick Pay Insurance Company of Texas, to recover unemployment compensation contributions and penalties from and including the fourth quarter of 1945, through the first quarter of 1948.

The trial was to the court without a jury upon agreed facts, and on March 28, 1949, the court rendered judgment in favor of plaintiffs and against defendant.

This case is before us on one point:

"The trial court erred in allowing the State of Texas to recover the penalty assessed under Section 12(a) of Article 5221b."

Section 12(a) of Art. 5221b, V.C.S., provides, in part, as follows:

"(a) Interest and penalties on past due contributions: If any employer subject to the provisions of this Act shall fail to pay contributions due under this Act on the date on which they are due and payable as prescribed by the Commission, such employer shall forfeit to the State of Texas a penalty of one per cent (1%) thereof, and after the expiration of one (1) month such employer shall forfeit an additional penalty of one per cent (1%) thereof, for each month or fraction thereof, until such contributions and penalties shall have been paid in full * * *."

■ It is admitted by appellant that it is an employer subject to the provisions of the Texas Unemployment Compensation Act and that the plaintiffs are entitled to recover the contributions sued for, but not the penalties because it had not been notified of such penalties. Under the express provisions of Sec. 12(a) of Art. 5221b, V.C.S., quoted above, appellant is liable for the penalties provided therein. The question of the reason for appellant's failure to pay contributions due by it, when due, is immaterial. The mere failure to pay the contributions when due causes the penalties to accrue by operation of law.

"* * * The contributions required under the unemployment compensation law and which are sought to be recovered in this suit are in the nature of excise taxes. They are state taxes other than ad valorem taxes. Friedman v. American Surety Co., 137 Tex. 149, 151 S.W.2d 570; State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W. 2d 238; Barrett v. State, Tex.Civ.App., 138 S.W.2d 1114; Lally v. State, Tex.Civ.App., 138 S.W.2d 1111." State v. The Praetor-

ians, 1945, 143 Tex. 565, 186 S.W.2d 973, 976, 158 A.L.R. 596.

The penalties attach to unpaid contributions as a matter of law. State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238.

The judgment of the trial court is affirmed.

Affirmed.