The STATE of Texas, Appellant,

v.

Glenn L. KINGHAM, D/B/A Kingham
Conoco Station, Appellee.

No. 10907.

Court of Civil Appeals of Texas.

Austin.

Jan. 3, 1962.

Rehearing Denied Jan. 24, 1962.

916

Will Wilson, Atty. Gen., Marvin Thomas, Asst. Atty. Gen., Sam Lane, Asst. Atty. Gen., for appellant.

Donald W. Callahan, Houston, for appellee.

RICHARDS, Justice.

This is a suit by the State of Texas against Glenn L. Kingham d/b/a Kingham Conoco Station to recover unemployment compensation taxes and penalties under the Texas Unemployment Compensation Act, Art. 5221b-1 et seq., Vernon's Civil Statutes, for the year 1958 and the first three quarters of 1959. The case was tried before the Court without a jury and resulted in a judgment in favor of Kingham, from which judgment the State of Texas has perfected this appeal.

At the outset we are confronted with the question of the jurisdiction of the Trial Court. It appears from the petition filed in the 98th District Court of Travis County, Texas, that the suit was brought under the provisions of Art. 5221b-12(b), the venue being laid in Travis County, Texas "as this is a suit for taxes other than ad valorem" under the provisions of Arts. 1.04(1) and 1.04(2), Chap. 1, Title 122A, V.C.S.

Art. 5221b-12(b), V.C.S. is in part as follows:

"Collections: If, after due notice, any employer defaults in any payment of contributions, penalties or interest thereon, the amount due shall be collected by civil action in the name of the State and the Attorney General, and the employer adjudged in default shall pay the cost of such action; * * *."

Article 1.04, Title 122A provides that all delinquent State taxes and penalties therefor due and owing to the State of Texas of every kind and character whatsoever, including all *excise* and all other State taxes which become delinquent, other than State ad valorem taxes on property, shall be recovered by the Attorney General in a suit brought by him in the name of the State of Texas and the venue and jurisdiction of all such suits is conferred upon the *courts* of Travis County.

The unemployment compensation taxes or contributions sought to be recovered by the State are in the nature of excise taxes and as such are State taxes other than ad valorem. Friedman v. American Surety Co., 137 Tex. 149, 151 S.W.2d 570, 576. As alleged in the petition, the State seeks to recover contribution or excise taxes in the sum of $305.94, together with statutory penalties which had accrued under Art. 5221b-12(a) in the amount of $56.00, together with additional penalties accruing before and after the entry of final judgment, which, under the provisions of Art. 5221b-12(c) cannot exceed 25% of the amount of the taxes due at the time suit is filed.

It is provided in Sec. 8, Art. V, Constitution of Texas, Vernon's Ann.St., that the District Court shall have original jurisdiction of all suits when the matter in controversy shall be valued at or amount to $500.00 exclusive of interest and by Sec. 16, Art. V the County Court is vested with *exclusive* original jurisdiction in all civil cases where the matter in controversy shall exceed $200.00 and not exceed $500.00, exclusive of interest. It is therefore clear from the face of the petition that the 98th District Court of Travis County was without jurisdiction of the subject matter of this suit when it was filed, since the total amount which could be recovered by the State is less than $500.00.

The question of jurisdiction was not assigned as error by either of the parties. However, the lack of jurisdiction of the Trial Court over either the parties

or the subject matter of the suit is a question of fundamental error which can be raised at any time by this Court of its own volition. This Court has both the authority and it is its duty to consider fundamental error apparent on the face of the record although not assigned, and the exercise by the Trial Court of jurisdiction where none existed is fundamental error. Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, 983; Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890, 893; McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265, 266; Murray v. Brisco, Tex.Civ.App., 209 S.W.2d 976, 977, no writ history.

■ The State of Texas has filed a supplemental brief contending that since section 8, Art. V, Constitution of Texas, provides that the District Court shall have original jurisdiction in "all suits in behalf of the State to recover penalties, forfeitures and escheats" and in its petition the recovery of statutory penalties is sought, the 98th District Court of Travis County, Texas was vested with original jurisdiction of this cause under the opinion of this Court in Lally v. State, Tex.Civ.App., 138 S.W.2d 1111, no writ history.

The Lally case was a venue case as is shown by the following quotation from the opinion upon which the State of Texas relies:

"The question raised as to whether the District Court has jurisdiction of the suit because the amount of the contributions or taxes sued for is less than $500, is not determinable on this appeal from the interlocutory order determining only the venue issue. But if so, the contention is without merit because the suit is also one for penalties due the State, and Sec. 8, Art. 5, of the State Constitution, Vernon's Ann.St., provides that, 'the District Court shall have original jurisdiction * * * in all suits in behalf of the State to recover penalties, * * *.'"

It is manifest that the holding by Judge Blair was obiter dictum and therefore is not binding since the Supreme Court of Texas did not pass upon the question. The Lally case has been cited and approved in many opinions by the Supreme Court and the Courts of Civil Appeals of Texas but only upon the questions of venue and the holding that the contributions due under the Texas Unemployment Act are "excise" taxes.

■ As stated above, this suit is brought for the recovery of contributions under the Unemployment law in the nature of excise taxes. The failure to pay the contributions when due causes the penalties sought to be recovered in this suit to accrue by operation of law. Art. 5221b–12(a), V.C.S.; Quick Pay Ins. Co. v. State et al., Tex.Civ.App., 225 S.W.2d 243, no writ history.

■ It is substantive law in Texas that a suit to collect delinquent taxes and penalties is a suit on debt and should be brought in the court having jurisdiction of the amount. State v. Trilling, Tex.Civ.App., 62 S.W. 788, no writ history; Delling v. Waddell, Tex.Civ.App., 64 S.W. 945, no writ history; Aquilla State Bank v. Knight, 60 Tex.Civ.App., 221, 126 S.W. 893, no writ history.

Since the amount here in controversy exceeds $200.00 and does not exceed $500.00, the County Court at Law of Travis County, Texas is vested with original jurisdiction of this suit and the 98th District Court of Travis County being without jurisdiction, the judgment of the Trial Court is reversed and the suit ordered dismissed.

Reversed and Dismissed.

### On Motion for Rehearing.

In our original opinion it was stated that the opinion of this Court in Lally v. State, Tex.Civ.App., 138 S.W.2d 1111, no writ history, had been cited and approved in many opinions by the Supreme Court and the Courts of Civil Appeals of Texas "but only upon the questions of venue and the holding that the contributions due under the Texas Unemployment Act are 'excise' taxes."

Such statement was erroneous in part since in the Motion for Rehearing filed by the State of Texas our attention is directed to the opinion by the El Paso Court of Civil Appeals in Harry Kestner v. State of Texas et al. in which application for writ of error was filed in the Supreme Court of Texas October 11, 1942 and was refused for want of merit. In this opinion, which was not reported at the request of the Court of Civil Appeals, the Lally case is cited and approved. Since the opinion in the Kestner case was not reported, reference thereto could not be found either in the Texas Writ of Error Tables or in Shepard's Citator, as a result of which the erroneous statement has at least some justification.

The opinion of the El Paso Court of Civil Appeals is in part as follows:

"The suit was to recover $101.01 unemployment contributions and $12.88 interest and penalties alleged to be due for the year 1938 under Art. 5221b, Vernon's Statutes, 1925."

The opinion then recites that among other defenses the defendant filed a plea to the jurisdiction which was overruled and states that:

"Under the authority of Lally v. State, supra, there is no error in overruling the plea to the jurisdiction. It is there held the sum sued for are penalties and the jurisdiction fixed by sec. 5, Art. 8 [art. 5, § 8] of the Constitution of the State."

After the Court of Civil Appeals had affirmed the judgment in favor of the State, Kestner filed an application for writ of error in the Supreme Court of Texas, docketed as Application No. 26602. The application for writ of error contained forty assignments of error, only the first six of which were briefed. The 21st assignment of error was directed to the error of the Trial Court in overruling the plea to the jurisdiction and the 25th assignment of error was directed to the action of the Trial Court in overruling the special exception directed to the jurisdiction of the Trial Court. Neither of these assignments of error were briefed.

The application for writ of error being filed after the effective date of the Texas Rules of Civil Procedure, we must presume that since the 21st and 25th assignments were not briefed as required by Rules 418 and 469, the Supreme Court of Texas did not consider either assignment since they were not properly briefed and therefore were waived. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396, 401. Since the Supreme Court refused the application for want of merit and not by straight refusal, it is presumed that the quoted holding on the jurisdictional question in the opinion of the Court of Civil Appeals was not approved.

Appellant also cites the case of Erwin v. Blanks, 60 Tex. 583, in which it was held that the provision in Sec. 8, Art. V of the Texas Constitution giving the District Courts jurisdiction of all suits for trial of right to property levied upon by virtue of any writ of execution, sequestration or attachment, when the property levied on shall be equal to or exceed in value $500.00 is not controlled by Sec. 16, Art. V providing that the County Court shall have exclusive jurisdiction in all civil cases where the matter in controversy shall exceed in value $200.00 and not exceed $500.00, exclusive of interest. The Supreme Court held that under the rules of construction that where a conflict exists the general provision shall yield to a special provision, the special provision governing suits for trial of right to property contained in Sec. 8, Art. V controlled.

Appellant contends that under the foregoing rule the provision contained in Sec. 8, Art. V that the District Court shall have original jurisdiction "in all suits in behalf of the State to recover penalties, forfeitures and escheats;" is a special provision which prevails over the general provision contained in Sec. 16, Art. V giving the County Courts exclusive jurisdiction of civil cases where the amount in controversy exceeds

the sum of $200.00 and does not exceed $500.00 exclusive of interest.

■ As stated in the original opinion, it affirmatively appears from the petition filed by the State of Texas that it is a suit for taxes other than ad valorem. The penalties sought to be recovered by the State are penalties which are imposed by operation of law because of appellee's failure to pay the taxes when they became due. It is axiomatic that if a tax is paid when it becomes due under the law no penalty is imposed or can be recovered but when the taxpayer fails to pay a tax when it becomes due under the law, the penalty for failure to comply with the law is automatically assessed against the taxpayer. Conversely stated, if the tax is not delinquent, no penalty attaches or can be recovered.

If the State here sought the recovery of the penalties alone without seeking to recover the delinquent taxes, there would be no question that the suit, regardless of the amount involved, must be filed in the District Court. Or if the suit was for the recovery of ad valorem taxes on real property secured by a statutory lien for which foreclosure is sought, only the District Court would have original jurisdiction thereof under Sec. 8, Art. V. But here, there is no statutory provision giving the State any lien upon property, real or personal, for delinquent taxes or penalties, State v. Mauritz-Wells Co., 141 Tex. 634, 175 S.W.2d 238, and therefore the suit is primarily a suit for personal debt and should be brought in the court having jurisdiction of the amount involved.

We adhere to the conclusion of law stated in the original opinion and appellant's motion for rehearing is overruled.

Motion Overruled.

HUGHES, Justice (dissenting).

On February 20, 1870, Geo. W. Paschal in a preface to Volume Thirty of his Texas Reports stated:

"It is proper to explain that, under other provisions of the law of that year, the court designated what opinions should be published. The consequence is that some opinions are not published. This mode, which commenced with the court over which Chief Justice Moore presided, and, to a limited extent, has been continued, has caused inquiries for unpublished decisions. In what light decisions withheld from publication can be regarded is for the profession and the courts to determine. *Those who know the value of the smallest precedent must regret that all are not published:* it matters little if they but affirm some well-settled principle, or if they have been overruled. These very facts are often valuable to show that a principle has been settled, or else that it was once erroneously ruled." (Italics supplied.)

The wisdom of this statement is exemplified here. The unreported case of Kestner v. State, cited in the majority opinion on rehearing, unearthed by diligent counsel for the State, is, as far as I am concerned, decisive on the question of jurisdiction of the Trial Court.

Rule 496, Texas Rules of Civil Procedure, provides that if a party "elects to file in this (Supreme) court a brief in addition to the brief filed in the Court of Civil Appeals" it shall conform to certain prescribed rules.

This rule, it seems to me, clearly means that a party to a writ of error proceeding in the Supreme Court may rely upon his brief filed in the Court of Civil Appeals, but that if he elects to file a brief in the Supreme Court it will be cumulative of his brief filed in the Court of Civil Appeals.

The brief filed in the Court of Civil Appeals in Kestner is not available. From the Court's opinion in that case, it would appear that the question of jurisdiction of the Trial Court was briefed.

I do not believe that the jurisdictional question was waived in Kestner. Further-

more, I do not believe a jurisdictional question can be waived. The error here, if there was error, was apparent on the face of the record, and was fundamental error.

I respectfully dissent.