The STATE of Texas, Petitioner,

v.

Glenn L. KINGHAM, d/b/a Kingham Conoco Station, Respondent.

No. A–8876.

Supreme Court of Texas.

Oct. 10, 1962.

Will Wilson, Atty. Gen., Sam Lane, Asst. Atty. Gen., C. M. Turlington, Austin, for petitioner.

Donald W. Callahan, Houston, for respondent.

GRIFFIN, Justice.

The opinion heretofore handed down is withdrawn.

The State of Texas brought this suit against Glenn L. Kingham in the 98th District Court of Travis County, Texas, for delinquent unemployment compensation contributions in the sum of $305.94 and

penalty in the sum of $56.00, for a total of $361.94, all of which had accrued under Article 5221b–12(a), Vernon's Texas Civil Statutes. There is no foreclosure of a tax lien on real estate involved.

The case was tried upon the merits before the Court, without a jury, and a judgment rendered in favor of Kingham, and that the State take nothing.

Upon appeal to the Court of Civil Appeals that court, without any plea to the jurisdiction of the trial court to try the cause, on its own motion held that the District Court was without jurisdiction. The majority of the Court of Civil Appeals dismissed the appeal. One of the Justices filed a dissenting opinion, 353 S.W.2d 915.

Except as otherwise indicated all emphasis is that of the writer.

■ As the case is before us, the controlling question is whether this suit is for a "penalty" as used in Art. V, Sec. 8, State Constitution, Vernon's Ann.St., so as to confer jurisdiction on the District Court to try this cause, or whether this is a suit for a debt consisting of taxes and as a part thereof penalties, governed by Art. V, Sec. 16, which gives exclusive jurisdiction to the County Court in all civil cases where the matter in controversy shall exceed $200.00 and not exceed $500.00, exclusive of interest. There is no controversy over the venue of the suit being properly laid in Travis County under the provisions of Arts. 1.04(1) and 1.04(2), Chapter 1, Title 122A, Vernon's Texas Civil Statutes.

The reasoning in the case of Jones v. Williams (1931), 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983, settles the question before us. After a lengthy and thorough discussion, that case holds that the interest and the penalty exactions added to delinquent taxes by the various constitutional and statutory provisions are "penalty" rather than interest eo nomine. The court says:

"The imposition of *penalties* is the means provided to prevent tax delinquencies, and since the word implies some form of punishment, it is obvious *all legislation competent under the Constitution must be of that nature.* Previous Constitutions contained no such term, and the evident purpose of the change in the Constitution of 1876 was to exclude from the legislative power the imposition of any exaction for failure to pay property taxes, except such as might come within the meaning of *penalties and the rules of law applicable thereto."* L. c. top 2nd col. p. 136. (Court's emphasis).

In the 42nd Legislature, Second Called Session, c. 18. Vernon's Ann.Civ.St. art. 7336 note, the Legislature had passed an act releasing all interest and penalties accrued and fixed by law on all taxes due the State and all political subdivisions thereof delinquent to October 20, 1931, provided the taxes were paid on or before January 31, 1932. This act was attacked as unconstitutional because in violation of Art. 8, Sec. 10 of our State Constitution. This section prohibited the Legislature from releasing the inhabitants of any city, county or town from the payment of taxes for state or county purposes, except in case of great public calamity, and then only by vote of two-thirds of each House.

The Legislature attempted to bring its act under this Constitutional provision by declaring the "great depression" then existing was a great public calamity. This court disagreed with the Legislature and held the foreigveness act did violate Art. 8, Sec. 10. However, the court held that the act was a valid exercise of the Legislature's power by general law to release, cancel, annul or suspend *penalties* previously accrued so long as those penalties had not been reduced to judgment. Therefore, whether or not the exactions for failure to pay taxes when due, constitute "penalties" controlled the decision of the cause.

In the case of Aulanier v. The Governor, 1 Tex. 653, 1846, suit was brought in a justice court of Galveston County, Texas,

to recover the penalty of $100.00 for selling liquor without having obtained a license therefor. After a trial in the justice court, an appeal was taken to the district court, and then to the supreme court. One point of error assigned was that the justice court was without jurisdiction to hear the case. This was sustained and the court held the district court was the only court having original jurisdiction of the suit for $100.00. The court cited the provision of the then Constitution giving the district court jurisdiction "of all suits in behalf of the State to recover penalties, forfeitures and escheats."

As regards occupation and other business and special taxes, the court said:

"In the first place, impositions for failure to make returns of and pay occupation taxes and other business and special taxes have been from the beginning to the present time penalties, sometimes named as such, sometimes referred to as forfeitures or fines, * * * but all so plainly *penalties* that we deem an analysis and discussion of the laws unnecessary. * * *" Idem, bot. p. 133 and top 134 of 45 S.W.2d. (Court's emphasis).

The Unemployment Compensation "contributions" have been held to be State taxes. Friedman v. American Surety Co., 137 Tex. 149, 151 S.W.2d 570, 576.

The case of Jones v. Williams, supra, decides that the penalty and interest added to delinquent taxes is not an incident of the taxes, but is a separate and distinct item provided by the Legislature as a punishment for failure to pay taxes, prior to delinquency, and therefore a "penalty" within the meaning of the Constitution. It follows that this suit was properly brought in the district court of Travis County, Texas.

There is no other error complained of in this court. The appellant had other complaints in the Court of Civil Appeals which were not passed on by that court in view of its holding on the matter of the jurisdiction of the trial court.

It therefore becomes necessary that we reverse the judgment of the Court of Civil Appeals and remand this cause to it in order that it may pass on the points of error raised by the appellant in that court. Petitioner's motion for rehearing is granted and our former judgment is set aside. The judgment of the Court of Civil Appeals is reversed and this cause remanded to that court for its action consistent with this opinion.