The STATE of Texas et al., Appellants,

v.

Glenn L. KINGHAM, dba Kingham Conoco Station, Appellee.

No. 10907.

Court of Civil Appeals of Texas.

Austin.

Jan. 16, 1963.

---

Will Wilson, Atty. Gen., Marvin Thomas, Asst. Atty. Gen., Austin, for appellants.

Donald W. Callahan, Houston, for appellee.

HUGHES, Justice.

This suit was brought by the State of Texas and its Attorney General, Honorable Will Wilson, on behalf of the Texas Employment Commission against Glenn L. Kingham, doing business as Kingham Conoco Station in Harris County and, we quote from the State's Petition, "this is a suit for taxes other than ad valorem." Judgment for $305.94 delinquent taxes plus $56.00 accrued penalties and penalties subsequently accruing was sought.

The provisions of the Texas Unemployment Compensation Act under which appellee's tax liability is sought to be established are the following:

"Art. 5221b—17(f) [Vernon's Ann. Civ.St.]

" 'Employer' means:

"(1) Any employing unit which for some portion of each of twenty (20) different days within the current or preceding calendar year, each day being in a different calendar week, whether or not such weeks are or were consecutive, has or had in employment four (4) or more individuals, but not necessarily simultaneously, (irrespective of whether the same individuals are or were employed in each such day);

"(2) Any individual or employing unit which acquired the organization, trade, or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act."

The record discloses that Billy Robertson operated Robertson's Conoco Service Station at 5842 South Park Boulevard in Houston for a period of time up to and including December 19, 1957. During such period Robertson was an employer subject to tax under the Unemployment Compensation Act. On December 20, 1957, Kingham signed a lease agreement with Continental Oil Company for the lease of the building located at 5842 South Park Boulevard and for the lease of four (4) gasoline tanks, four (4) gasoline pumps, and many other items of equipment.

On the same date Kingham also leased from Continental a triangle sign, an imprinter, and purchased from it quantities of oil and gas.

On or before December 20, 1957, Kingham purchased from Robertson, his predecessor, 2200 gallons of gasoline, some motor oil, wax polish, a grease gun, tire changing equipment, cash register and battery

charger. Kingham paid Robertson $3000.-00 for these items, the manner of so doing being as follows: Conoco, by way of extending credit, gave Kingham a check for $3000.00, which he endorsed to Robertson, who in turn endorsed it back to Conoco for the reason that Robertson was indebted to Conoco for more than the amount of the check.

Kingham opened his service station at the Robertson site on December 20, 1957. He employed two of Robertson's employees. He did not use Robertson's name in his business. He did not purchase from Robertson any of his accounts receivable. He paid him nothing for good will, and he did not obtain from Robertson a list of his customers.

Under these facts, the Trial Court found, the trial being non-jury, that Kingham did not acquire "the organization, trade, or business, or substantially all the assets thereof" of the Robertson service station, and legally concluded that he was not liable for the tax sought to be imposed.

We agree with the Trial Court and affirm its judgment.

Conceding, as we do, that appellee purchased from Robertson the items involved in the $3000.00 check transaction, we hold that they do not constitute an "organization", a "trade" or "business" or "substantially all of the assets" of an organization, trade or business.

We will disregard the term "organization" in our discussion because we doubt that a service station is an organization. It undoubtedly is a "trade" or "business". Of what does it consist? It seems to us that the one essential of a service station business is a service station. Appellee did not acquire the service station or the right to use it from Robertson. This right he obtained from Conoco who owned the station. Without the service station, its tanks, pumps and other equipment, the gasoline, oil, wax, grease gun, tire changing equipment, cash register and battery charger

purchased by appellee could not conceivably .be called a service station trade or business, or substantially all the assets of such a trade or business.

Appellants do not contend appellee was a successor to Conoco in the service station trade or business and we do not, for that reason, discuss it.

The judgment of the Trial Court is affirmed.

Affirmed.

PHILLIPS, J., not sitting.

HUGHES, Justice (concurring).

Believing that the nature of the suit was as described by the State in its pleading, I concurred in the original opinion by this Court. 353 S.W.2d 915. I dissented on re-hearing only because I learned from an unreported opinion that the Supreme Court had passed on the question of the Trial Courts jurisdiction. Neither this opinion nor the only other case to be found on the subject, Lally v. State, Tex.Civ.App., 138 S.W.2d 1111, was cited by the Supreme Court when it reversed this Court, 361 S. W.2d 191.

I believe when this case was before this Court, and I believe now, that the nature of this suit is as described by the State, "a suit for taxes."

The problem presented is to reconcile the two constitutional provisions involved, each being peremptory in nature. Section 16 of Art. V of our constitution, Vernon's Ann. St. gives the County Courts "exclusive" jurisdiction of suits where the amount in controversy exceeds $200.00 and does not exceed $500.00.

Sec. 8 of this same Article gives to the District Courts original jurisdiction of suits by the State to recover penalties. How are those constitutional provisions to be reconciled? The problem is not new. It has been repeatedly resolved by application of

**292**

the rule well stated by Judge Powell for the Commission of Appeals in Pierce v. Foreign Mission Board, 235 S.W. 552, in these words:

"* * * the primary and essential nature of a suit, and not its incidental character, determines the jurisdiction of the courts relative to it."

See Zamora v. Gonzalez, 128 S.W.2d 166, San Antonio Civil Appeals, writ ref.; Smith v. Armes, 208 S.W.2d 409, and Hudson v. Nowell and Son, 8 S.W.2d 778, both by the Fort Worth Court of Civil Appeals.

No one could gainsay the fact that this is primarily a suit for the collection of delinquent taxes. The penalties sought are derivative only. They flow from and their exaction are wholly dependent upon the tax delinquency.

The cases cited by the Supreme Court on this question are of no help in determining it. There is no question here as to what is or what is not a penalty, as in Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983. The $56.00 sued for here is clearly a penalty imposed for failure to pay taxes. The other case cited, Aulanier v. Governor, 1 Tex. 653, was wholly a suit for recovery of a penalty; no other recovery was sought. Its nature could not be doubtful.

Under the opinion of the Supreme Court, or its implications, suit by the State for $499.00 taxes and a 1 cent penalty must be brought in the District Court despite the constitutional provision giving exclusive jurisdiction to the County Court of the $499.00 claim for taxes. This permits a very small tail to wag a very large dog.

The Supreme Court in remanding the case to this Court states:

"The case of Jones v. Williams, supra, decides that the penalty and interest added to delinquent taxes is not an incident of the taxes, but is a separate and distinct item provided by the Legislature as a punishment for failure to pay taxes, prior to delinquency, and therefore a 'penalty' within the meaning of the Constitution. It follows that this suit was properly brought in the district court of Travis County, Texas."

Does this mean that this Court should only render appropriate judgment as to the penalty sought and not as to the claim for taxes? The Court has said this is a suit for a penalty. This is conceded. It is also a suit for taxes, a suit without the jurisdiction of the Trial Court. As to this phase of the case the Supreme Court has given us no instructions. As will appear, however, from the Court's opinion herein, we have decided all issues presented on their merits.

This is nominally a concurring opinion; actually, it is more in the nature of a petition for rehearing to the Supreme Court, none having been previously made to it. As such, it is not filed on behalf of any litigant, nor on behalf of this Court. It is filed only in the interest of continued stability in sound constitutional construction.

PHILLIPS, J., not sitting.