Roland A. EISENHAUER, Executor,
Appellant,

v.

Edward A. WILLIAMS, Jr., et
al., Appellees.

No. 15522.

Court of Civil Appeals of Texas,
San Antonio.

May 12, 1976.

Charles M. Beacham, San Antonio, for appellant.

Benjamin N. Samples, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, Roland A. Eisenhauer, Executor of the Estate of Julia H. Taylor, Deceased, has perfected his appeal from an order sustaining appellee's plea in abatement and dismissing appellant's suit for construction of a will.

The holographic will of Julia H. Taylor was admitted to probate in the County Court of Bexar County on January 2, 1975, and Letters Testamentary were granted to appellant. On July 25, 1975, while the probate proceedings were still pending in the County Court, appellant filed this action in the 150th Judicial District Court of Bexar County under the Uniform Declaratory Judgment Act seeking a construction and interpretation of said will. Appellee, Edward A. Williams, Jr., filed his plea in abatement wherein it was asserted that the will had been originally filed for probate in the County Court of Bexar County and that this estate was still pending in that Court.

Appellant urges by his sole point of error that the District Court erred in concluding that it did not have jurisdiction to construe a will. Such point is based on a

faulty premise in that the District Court did not so conclude. Rather, the Court found that "by virtue of the Probate Court of Bexar County having already heretofore acquired jurisdiction of this matter" the plea in abatement should be sustained.

■ Bexar County has a statutory county court exercising the jurisdiction of a probate court; therefore, such court has original probate jurisdiction with the power to hear all matters incident to an estate including an action to construe the will. Sec. 5, Texas Probate Code, Tex.Rev.Civ. Stat.Ann.

■ A suit for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action. *Texas Liquor Control Board v. Canyon Creek Land Corporation*, 456 S.W.2d 891 (Tex. 1970).

■ Here the Probate Court acquired jurisdiction of the estate with power to construe the will prior to the suit being filed in the District Court. The District Court did not err in sustaining the plea in abatement.

The judgment is affirmed.