Ralph Wayne THEIS, Appellant,

v.

CITY OF SAN ANTONIO, acting by and through its Water Works Board of Trustees of San Antonio, Appellee.

No. 6634.

Court of Civil Appeals of Texas, El Paso.

Sept. 21, 1977.

James G. Murry, San Antonio, for appellant.

James M. Parker, City Atty., San Antonio, Sawtelle, Goode, Davidson & Troilo, Robert Sawtelle, John W. Davidson, Arthur C. Troilo, Jr., Richard A. Flume, Jr., San Antonio, for appellee.

OPINION

WARD, Justice.

This appeal complains of a judgment granting the Defendant's Plea in Abatement and dismissing the cause of action because a prior suit between the same parties had been tried and was still pending upon appeal. We affirm.

The facts are not in dispute. Ralph Wayne Theis was employed as Supervisor of the Construction and Inspection Division of the Water Works of the City of San Antonio. He was suspended from that position without pay or other benefits on November 19, 1975, and in January, 1976, he filed suit against the City of San Antonio in

the 57th District Court, Cause No. 76CI–678, seeking reinstatement, injunctive relief, and damages because of alleged wrongful suspension by his employer. The Plaintiff sought a temporary injunction and at that hearing the City agreed to reinstate him as an employee but to continue him on a suspension basis until the trial of that cause on its merits. In addition, they would pay him his salary and benefits from the date of his suspension in November, 1975. The offer of the City was accepted and, pursuant thereto, an agreed order granting a temporary injunction was entered. The temporary injunction order included the following:

"  *   *   *   both Plaintiff and Defendant, announced to the Court that an agreement had been reached by and between the parties that an order be entered herein whereby the Plaintiff, Ralph Wayne Theis, shall be reinstated as an employee of Defendant but continued on suspension until a trial of this cause on its merits   *   *   *."

At that time, the case was specially set for trial on its merits for March 1, 1976. That case proceeded to trial and, on April 2, 1976, a final judgment was entered for Mr. Theis for damages and for a permanent injunction whereunder he was restored to his position at the Water Works. Appeal was duly perfected by the City and that case is now on appeal pending in the Court of Civil Appeals at Tyler, the case having been transferred from San Antonio to Tyler under an order for equalization of dockets. On May 27, 1976, writ of supersedeas was issued by the District Clerk's Office of Bexar County and the District Court judgment was suspended and superseded pending the outcome of that appeal.

Following the issuance of the writ of supersedeas, the City of San Antonio suspended all pay and other benefits of employment to Mr. Theis and, on August 27, 1976, he filed his second suit against the City of San Antonio in the 150th District Court, Cause No. 76CI–11245, alleging the facts concerning his employment and discharge, and alleging that at the January, 1976, hearing on the temporary injunction he had entered into a contract with the City whereby he would be reinstated as an employee, remain on a suspension basis, and receive his back pay and allowances up to the final disposition of that cause on its merits. A copy of the order of January 29th was incorporated in these pleadings, and he alleged that the subsequent refusal to pay constituted a breach of his contract and a wrongful refusal to obey the temporary injunction which had issued and which would be in effect until "a final disposition of this cause on its merits." He asked for a declaratory judgment that the Court order the City to comply with the contract agreement regarding the temporary injunction, and that the City continue to pay him all wages and other benefits until the final disposition of that original cause on its merits.

Thereafter, in this second suit, the City of San Antonio filed a Plea in Abatement setting out the facts surrounding the first suit, the prior judgment, and the pendency of that suit upon appeal. The 150th District Court granted the Plea in Abatement and dismissed the second suit. The Plaintiff has duly perfected his appeal from the order of dismissal, and that case has been transferred from the Court of Civil Appeals sitting in San Antonio to this Court by order of the Supreme Court in equalizing dockets.

It is Mr. Theis' position as Appellant that there was an oral contract made between the parties at the time of the temporary injunction hearing in January, 1976, whereby he would be continued as a suspended employee with pay and benefits until the final disposition of the first suit; and that it is the maintenance of that status quo as a suspended employee that is now involved, which is a distinct and separate cause of action. We do not agree.

█  In the first place, the agreement made was an agreement for issuance of the temporary injunction. That agreement was carried out and the temporary injunction was issued. The order granting the temporary injunction was dissolved when the trial

Court in the first suit entered its final judgment which included all the permanent injunctive relief sought by the Appellant. The weight of authority in this State is to the effect that a temporary injunction ceases to exist by operation of law when a final judgment is entered granting the permanent injunctive relief. Even the attempt by a trial judge to extend the interlocutory injunction past the final judgment is void and of no force and effect. Upon the granting of a permanent injunction, the appealing party then has the statutory right to supersede the judgment, if he prosecutes an appeal. *Texas Liquor Control Board v. Jones,* 378 S.W.2d 898 (Tex.Civ. App.—Austin 1964, no writ); *City of Corpus Christi v. Cartwright,* 281 S.W.2d 343 (Tex.Civ.App.—San Antonio 1955, no writ). The final judgment dissolves the temporary injunction, but the filing of a supersedeas does not revive the temporary injunction.

Of more importance is that there has been filed a second suit between the same parties on the same subject matter and an attempt made to relitigate identical matters, while an appeal of the first suit was still pending. The Plaintiff in the second suit is merely attempting to invoke the jurisdiction of the trial Court to determine issues that were then before the 12th Court of Civil Appeals of Tyler. When the Appellee, through its Plea in Abatement, called the trial Court's attention to the pendency of the prior suit, the trial Court had no other alternative but to dismiss the suit. *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974). The doctrine of res judicata controlled. *South Padre Development Company v. Texas Commerce Bank National Association,* 538 S.W.2d 475 (Tex.Civ.App.—Corpus Christi 1976, no writ). The fact that the Appellant is seeking a declaratory judgment does not aid him in his attempt to maintain the second suit. *Texas Liquor Control Board v. Canyon Creek Land Corporation,* 456 S.W.2d 891 (Tex.1970); *Eisenhauer v. Williams,* 537 S.W.2d 336 (Tex.Civ. App.—San Antonio 1976, no writ); *Pickens v. Hidalgo County Water Control and Improvement District Number Sixteen,* 284 S.W.2d 784 (Tex.Civ.App.—San Antonio 1955, no writ).

The judgment of the trial Court is affirmed.