Kenneth H. BOMAN, et al., Appellants,

v.

Foster C. HOWELL, et al., Appellees.

No. 18426.

Court of Civil Appeals of Texas, Fort Worth.

June 25, 1981.

1. See Section 1, Fourteenth Amendment to the Constitution of the United States, as adopted in 1868.

2. Supra note 1.

3. 430 U.S. 762, at 783, 97 S.Ct. 1459, at 1471, 52 L.Ed.2d 31, at 48.

4. See 10 A.L.R.3d 1371, § 4, at p. 1384 (1966).

**914**

Vial, Hamilton, Koch, Tubb, Knox & Stradley and Robert G. Vial and Christopher A. Payne, Dallas, for appellants.

Brown, Herman, Scott, Dean & Miles and William M. Brown, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Foster Howell, James Higdon, and David Higdon (hereafter called Higdon heirs) sued Kenneth Boman, et al., (hereafter called Boman heirs) in the District Court of Tarrant County. The Higdon heirs sought declaratory judgment action in construction of the will of Era A. Boman, deceased. The will had been admitted to probate in Probate Court No. 2, Dallas County. Boman heirs filed pleas of privilege seeking transfer of the case to Dallas County, and they also filed pleas of abatement seeking dismissal, both kinds of pleas alleging that jurisdiction of the Probate Court No. 2 of Dallas County had already attached to issues including those raised by the suit of Higdon heirs. (We note that Boman heirs' theory is that mandatory special venue provisions in the Probate Code obtain over the general venue provisions and that Probate Court No. 2 of Dallas County had jurisdiction to the exclusion of any other court.)

From denial of their pleas of privilege (and/or "Motions to Transfer"), the Boman heirs have appealed.

We reverse. We remand all matters to the trial court for further proceedings not inconsistent with this opinion.

By points of error one through three, Boman heirs allege (1) that Higdon heirs presented no affirmative evidence that one of the Boman heirs resides in Tarrant County and that Higdon heirs have a cause of action against such resident, (2) that venue provisions in the Probate Code prevail over discretionary provisions of Tex.Rev.Civ. Stat.Ann. art. 1995, § 4 "Venue" "Defendants in different counties." (Supp. 1980–81), and (3) that failure to sustain Boman heirs' pleas of privilege constitutes an exercise of authority beyond the district court's jurisdiction by the Texas Constitution.

■ Jurisdiction is a fundamental requirement which cannot be conferred except by the Constitution or authorized statute. As the court stated in *State v. Kingham*, 353 S.W.2d 915, 916–917 (Tex.Civ.App. —Austin) *rev'd on other grounds*, 361 S.W.2d 191 (Tex. 1962):

"[T]he lack of jurisdiction of the Trial Court over either the parties or the subject matter of the suit is a question of fundamental error which can be raised at any time by this court of its own volition. This Court has both the authority and it is its duty to consider fundamental error apparent on the face of the record although not assigned, and the exercise by the Trial Court of jurisdiction where none existed is fundamental error."

We have concluded that jurisdiction of the subject matter of this case in the district court is determined by Tex.Prob.Code Ann. § 5A *, (1980) "Matters Appertaining and Incident to an Estate," as amended in 1979. Section (b), pertinent part thereof, reads as follows:

"(b) In proceedings in the statutory probate courts and district courts, the phrases 'appertaining to estates' and 'incident to an estate' in this Code include the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon, all actions for trial of the right of property, *all actions to construe wills*, the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distribution of estates of wards and deceased persons. ... *In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.*" *(Emphasis added.)*

The amendment containing this language was enacted by the Legislature in 1979.

The language of the section in 1975 pertaining to this matter (which was codified as § 5(d)) then provided:

"(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, ... *and actions to construe wills*." (Emphasis added.)

As applied to the facts in this case, therefore, the provisions in the Probate Court remain basically unchanged. That copied above is the language used by two separate legislatures with the obvious intent to control whether it should be a statutory probate court (such as Probate Court No. 2, of Dallas County or the Probate Court of Tarrant County) which should have jurisdiction to make declaratory judgments in will construction suits (where the will has been admitted to probate), or, as prior to the revision of the Probate Code, will construction suits should be heard in the district court.

The issue presented is identical to that considered by Justice Franklin Spears, District Judge, in *Eisenhauer v. Williams*, 537 S.W.2d 336 (Tex.Civ.App.—San Antonio 1976, no writ). Although procedurally different on appeal, he held (with the Court of Civil Appeals affirming) that a suit for declaratory judgment (in a will construction context) would not be entertained in the district court when there is pending, at the time it is filed in the district court, another action or proceeding between the same parties in a statutory probate court authorized by the Code to adjudicate the issues involved. In *Eisenhauer*, it was a plea in abatement upon which the trial court acted. Plea was sustained and the suit was dismissed on the holding that the Probate Court had acquired exclusive jurisdiction of the estate coupled with the power to construe the will.

■ In the case under scrutiny we hold that the Probate Court No. 2 of Dallas County had acquired exclusive jurisdiction to construe the will of Era A. Boman. Be-

* All section references are to the Texas Probate Code unless otherwise noted.

cause that court had already acquired jurisdiction, the proper action of the District Court of Tarrant County would have been to sustain the plea in abatement (and/or "Motion to Dismiss") because that probate court had already acquired jurisdiction. (Pleas in both this and the *Eisenhauer* case might more appropriately have been termed pleas to the jurisdiction.) As the Court of Civil Appeals noted in *Eisenhauer*, the district court did not hold that it did not have jurisdiction to construe a will but rather had reached the conclusion that " 'by virtue of the Probate Court of Bexar County having already heretofore acquired jurisdiction of this matter' the plea of abatement should be sustained." (537 S.W.2d at 337.)

■ Under § 5A, enacted since *Eisenhauer, supra,* an action to construe a will, regardless of whether admitted to probate, must be brought in the statutory probate court (where there is one) and not in the district court. Since in the case on appeal the will had been admitted to probate in Dallas County before the Higdon heirs filed suit in Tarrant County, the jurisdictional dispute is between the District Court of Tarrant County and the Probate Court of Dallas County. Since Tarrant County also has a statutory probate court, we have observed in cases such as this which indicates that had Boman heirs initially filed their case in Tarrant County they could not, under the terms of § 5A, have filed it in district court. See *Meek v. Mitchusson,* 588 S.W.2d 665 (Tex.Civ.App.—Eastland 1979, writ ref'd n.r.e.) and *Beeson v. Beeson,* 578 S.W.2d 517 (Tex.Civ.App.—El Paso 1979, no writ). These cases hold that a district court has no jurisdiction to hear contested probate matters in counties where there is a statutory court having probate jurisdiction. Under the law as interpreted in these two cases, any attempt to transfer is a nullity; the district court can only dismiss.

In response to the point of error in which Boman heirs contended the prior jurisdiction of the Dallas County Probate Court No. 2 to have attached the Higdon heirs attack constitutionality of the statute. The 1973 constitutional amendment (now § 8, Art. V, Texas Constitution), which authorized the Legislature to "increase, diminish or eliminate the jurisdiction of either the district or the county court *in probate matters.*" (Emphasis added.) This constitutional amendment also specifically permits the legislature to control the filing and transfer of cases, not only between courts of the same level and kind, but also between courts of different origin and classification.

■ In their constitutional attack Higdon heirs rely upon a line of Texas cases holding that jurisdiction of contested probate matters belonged exclusively to the district court. They construe these holdings to mean that the legislature has no authority to restrict the jurisdiction of the district court in those cases where, prior to the revision of the probate code, the district court had exclusive jurisdiction. We deem the reasoning in support of such contention to have been refuted by the Supreme Court in three other cases.

The Supreme Court in *English v. Cobb,* 593 S.W.2d 674 (Tex. 1979), considered whether the determination of a decedent's right to probate assets necessarily fell within the scope of an action "incident to an estate." Although this case arose in a county without a statutory probate court, the question was whether the jurisdiction of the district court had been limited by the 1973 constitutional amendment and accompanying probate code language. Sec. 5(d) (quoted above and amended when § 5A was added) was challenged on the same ground as that raised by the Higdon heirs, specifically that the term "in probate matters" in the constitutional amendment could not be read to include any of the contested probate matters formerly reserved to the district court. Chief Justice Greenhill wrote in *English:*

"The obvious purpose of these constitutional and statutory changes was to increase the jurisdiction of the county courts in 'matters incident to an estate' so that such courts could more fully and quickly settle a decedent's estate in one proceeding." 593 S.W.2d at 676.

In *Lucik v. Taylor,* 596 S.W.2d 514 (Tex. 1980) the Supreme Court referred to the

recent changes in the constitutional and statutory provisions which prescribe the jurisdictional powers of courts sitting in probate and why those changes had been necessary. It held that the injunctive relief sought was within the power of the probate court and that these provisions in the Probate Code should be liberally construed.

In *Novak v. Stevens*, 596 S.W.2d 848 (Tex. 1980), the Supreme Court again discussed the constitutional amendments and legislation concerning probate matters. Justice Pope wrote:

"The legislature amended section 5 of the Probate Code to authorize the transfer to district courts of contested probate matters in counties where there was no statutory probate court or other statutory court exercising probate jurisdiction.

"Prior to the amendments of the Constitution and the Probate Code, the divided jurisdiction between probate courts and district courts often compelled unnecessary trials—one in probate court to hear a will contest, an appeal to the district court, and another in a separate cause in the district court to construe the same will. The amendments were intended to permit in a single action the trial of probate matters as well as matters incident to an estate." 596 S.W.2d at 850.

In *Novak* Justice Pope noted that the Court of Civil Appeals, relying upon precedents antedating the amendments to the Constitution and Probate Code, had erroneously held that different courts had jurisdiction of different questions in the same estate. (In *Novak* seven cases were specifically disapproved, including one decided after the Constitution had been amended and subsequent legislation passed.)

Due to our determination on the matter of jurisdiction, we do not reach the point of error concerning evidence and venue.

Having found ourselves in agreement with the reasoning expressed in the cases discussed we reverse the order overruling the plea in abatement and/or motion to dismiss. We remand all matters to the trial court for further proceedings not inconsistent with this opinion.