**ESTATE OF Homer G. CRAWFORD, Edward P. Thompson, III, Independent Executor, Appellant,**

v.

**TOWN OF FLOWER MOUND, County of Denton, and Lewisville Independent School District, Appellees.**

No. 2–95–114–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 17, 1996.

Rehearing Overruled Dec. 12, 1996.

Robert Martin Berry, William E. Bailey, Dallas, for appellant.

Mark Burroughs, Huke & Burroughs, P.C., Fort Worth, Gilbert T. Bragg, McCreary, Veselka, Bragg, Austin, Michael S. Mitchell, Law Office of Earl Luna, Dallas, for appellees.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

DAY, Justice.

The Estate of Homer G. Crawford, appellant, petitioned this court for a writ of error in a suit brought by appellee Town of Flower Mound, and intervened in by Lewisville ISD and Denton County, appellees, to collect delinquent ad valorem taxes and foreclose tax liens on real property in Denton County, Texas. This case presents the question of whether a suit to collect ad valorem taxes on real property, brought during administration of an estate, must be brought in the county where the real property is located or in the county where the probate is pending. We find it must be brought in the county where the real property is located; thus, we deny the relief the estate seeks in its petition for writ of error and affirm the judgment of the trial court.

### STANDARD OF REVIEW

■ The four elements for review by writ of error are: (1) the petition must be brought within six months of the date the final judgment is signed (2) by a party to the suit (3) that did not participate in the trial and (4) that shows error on the face of the record. *Withem v. Underwood,* 922 S.W.2d 956, 957 (Tex.1996); *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *see* TEX.R.APP. P. 45. The first three of these elements are not disputed here. Thus, we need only consider whether the estate shows error on the face of the record.

### FACTS

When Crawford died in 1984, he owned approximately 24 acres of land in Denton County. A Dallas County probate court admitted his will to probate and appointed Edward P. Thompson, III executor. Thompson paid the taxes on this land only until 1988. In 1990, Flower Mound brought suit in Denton County district court to collect unpaid taxes, penalties, and fees. Thompson was not served with citation until sometime after November 1994. In January Denton County and Lewisville ISD filed pleas in intervention. In February 1995, Crawford's estate filed a special appearance and a general denial. The estate also moved the court to dismiss the action for want of jurisdiction. At this point, the estate owed taxes on the land for 1989 through 1994. The district court overruled the estate's motion, entered judgment for appellees for $70,128.48, and ordered foreclosure on the tax liens. Thompson filed an application in the Dallas County probate court for a temporary restraining order and temporary injunction to prevent sale of the land. The probate court granted these pending this petition for writ of error.

### JURISDICTION

■ In the estate's main point of error, it asserts the Denton County district court lacked jurisdiction over these claims for collection of ad valorem taxes on Denton County land. The estate argues the Dallas County probate court had exclusive jurisdiction because these matters were "incident to an estate" under sections 5 and 5A of the Texas Probate Code. Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 2, 1989 Tex. Gen. Laws 4162, 4163 (amended 1993) (current version at TEX. PROB.CODE ANN. §§ 5(c), 5(e), 5A(b) (Vernon Supp.1996)).

However, section 33.41(a) of the Texas Property Tax Code provides that the action should have been brought in Denton County:

(a) At any time after its tax on property becomes delinquent, a taxing unit may file

suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both. The suit must be in a court of competent jurisdiction for the county in which the tax was imposed.

TEX. TAX CODE ANN. § 33.41(a) (Vernon 1992). Section 5 of the Texas Probate Code provides that the suit should be filed in Dallas County:

> (c) In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate [and] administrations ... shall be filed and heard in such courts ... rather than in the district courts, unless otherwise provided by the legislature....
>
> ....
>
> (e) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate.

Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 2, 1989 Tex. Gen. Laws 4162, 4163 (amended 1993) (current version at TEX. PROB.CODE ANN. § 5(c),(e) (Vernon Supp.1996)). Section 5A of the Probate Code defines "matters incident to an estate":

> (b) In proceedings in the statutory probate courts ... the phrase[ ] ... "incident to an estate" in this Code include[s] the probate of wills, the issuance of letters testamentary and of administration, and the determination of heirship, and also include[s], but [is] not limited to, all claims by or against an estate, all actions for trial of title to land and for the enforcement of liens thereon ... and generally all matters relating to the settlement, partition, and distribution of estates of ... deceased persons. All statutory probate courts may, in the exercise of their jurisdiction, notwithstanding any other provisions of this Code, hear all suits, actions, and applications filed against or on behalf of any ... heirship proceeding, or decedent's estate.... In situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause of action appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in the district court.

Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163–64 (current version at TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp.1996)). Thus, the Tax Code provides that this action must be brought in Denton County, and the Probate Code provides that proper jurisdiction for a matter incident to an estate lies in the Dallas probate court.

The Texas Supreme Court addressed the underlying policy for expanding probate court jurisdiction to include matters "incident to an estate": "The obvious purpose of these constitutional and statutory changes was to increase the jurisdiction of the county courts in 'matters incident to an estate' so that such courts could more fully and quickly settle a decedent's estate in one proceeding." *English v. Cobb*, 593 S.W.2d 674, 676 (Tex.1979). Thus, under these sections of the probate code and their underlying purpose, the delinquent taxes appear to constitute matters "incident to an estate." Furthermore, the parties do not dispute that probate was pending in Dallas County when Flower Mound sued for the back taxes in Denton County.

However under the Tax Code, a suit for delinquent ad valorem taxes can be maintained only in the county where the land is located. TEX. TAX CODE ANN. § 33.41(a) (Vernon 1992). The original purpose underlying the enactment of the Tax Code provision, the appellees' policy arguments, and the nature of the holdings in the case law the estate cites in support of its position persuade us that, in these circumstances, we must find the Tax Code provision is dominant.

In an effort to determine the underlying legislative purpose in enacting the Tax Code provision, we turn to the 1943 Session Laws where it was originally enacted. The present language "in a court of competent jurisdiction for the county in which the tax was imposed ...." is largely unchanged from the original text "in a court of competent jurisdiction in the County in which such taxes were levied," *Compare* TEX. TAX CODE ANN. § 33.41(a) (Vernon 1992) *with* Act of March 25, 1943, 48th Leg., R.S., ch. 110, § 1, 1943 Tex. Gen. Laws 191, 191 (repealed by Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 6, 1979 Tex. Gen. Laws 2217, 2329 (amended

1981) (current version at Tex. Tax Code Ann. § 33.41(a) (Vernon 1992))).

■ The associated emergency clause provides insight into the legislature's intent. It states that before this provision's enactment, such suits were governed by the general rule of venue that permitted defendants to remove them on pleas of privilege "thereby requiring county and/or district officers to travel and transport official records to distant Counties in order to enforce payment of the legal dues, at great hardship, inconvenience and prohibitive expense to the Counties and units involved, thereby affecting the public revenue." Act of March 25, 1943, 48th Leg., R.S., ch. 110, § 2, 1943 Tex. Gen. Laws 191, 191. Thus, the legislature enacted this provision to ensure that governmental taxing units need not bear the burden and expense of enforcing their taxes in every county in Texas.

We find further insight in a 1946 attorney general opinion construing this same provision where the question is posed whether a county may waive this provision. The attorney general responded that the county seeking to waive the provision may not do so and must pursue its own suit: "[S]uits for delinquent ad valorem taxes may be maintained *only* in the county where the real estate is situated...." Op. Tex. Att'y Gen. No. O–7248 (1946) (emphasis added).

This becomes most persuasive when we consider that there are no statutory provisions requiring that an estate provide notice to taxing authorities of the commencement or completion of a probate proceeding. Although placing the burden of multiple actions on the estate is contrary to the "single proceeding" policy underlying sections 5 and 5A of the Probate Code and an expense and inconvenience to the estate, appellees effectively argue that holding otherwise would place an overwhelming burden on taxing authorities. *See English,* 593 S.W.2d at 676. Estates know where their property is located and to which authorities they owe taxes. To enforce collection of each delinquent tax account, every taxing authority would have to discover whether every interested party was alive. Then, if the taxing authority found any party deceased or unknown, it would have to research every county in Texas to discover if a probate proceeding was pending. Furthermore, every taxing authority presently handles numerous delinquent tax accounts annually. The resulting burden would be insurmountable. Consequently, because holding otherwise would place such an insurmountable burden on taxing authorities, we are convinced the jurisdiction of statutory probate courts does not extend to judgments and foreclosures for delinquent property taxes on property located outside the county of the probate proceeding.

The estate relies primarily on the Texas Supreme Court's holding that jurisdiction of an action for recovery of ad valorem taxes from an estate lies with the court of the pending probate proceeding. *Bailey v. Cherokee County Appraisal Dist.,* 862 S.W.2d 581, 585 (Tex.1993) (op. on reh'g). We distinguish the present case from *Bailey* because *Bailey* involved a jurisdictional conflict between a district court and a county court at law that were in the same county. The county of the property at issue was the same county as that where the probate proceeding was pending. *Id.* at 582–83. In the present case, the land at issue and the taxing districts are in Denton County. The probate court is in Dallas County. For the policy reasons stated above the holding in *Bailey* does not extend to these circumstances. The probate court would have jurisdiction only if the land at issue was in Dallas County.

In fact, we find no case law on point on this issue. The only case the estate cites involving a jurisdictional conflict between different counties and probate proceedings is *Boman v. Howell,* 618 S.W.2d 913 (Tex.Civ. App.—Fort Worth 1981, no writ). In *Boman,* the suit brought outside the probate court was a declaratory judgment to construe a will and there was no basis for jurisdiction in district court. *Id.* at 913. The estate cites no published case, and we find none, where there is a specific statute conferring mandatory in rem jurisdiction in a county other than the county of probate such as we have here.

■ Therefore, we hold that under section 33.41(a) of the Texas Tax Code, suits for delinquent ad valorem taxes must be brought in the county where the real estate is located. Further, we hold the jurisdiction of probate

 

proceedings under sections 5(c), 5(e) and 5A(b) of the Texas Probate Code does not extend to judgments and foreclosures for delinquent property taxes on property located outside the county of the probate proceeding.

## LEGAL CAPACITY

The estate also argues it may not be sued in the capacity in which Flower Mound brought suit. The estate contends it is not a legal entity that may sue or be sued and Thompson was never properly joined. However, under Texas Rule of Civil Procedure 93, a claim that defendant lacks the legal capacity to be sued or that defendant is not liable in the capacity in which it is sued must be raised in a verified pleading. TEX. R. CIV. P. 93(1)–(2); *Pledger v. Schoellkopf,* 762 S.W.2d 145, 145–46 (Tex.1988). Although the estate's answer was verified, it failed to plead this issue, filing only a general denial. Thus, we hold the estate did not properly preserve this issue for appeal and overrule this point of error. *See id.; MTrust Corp. N.A. v. LJH Corp.,* 837 S.W.2d 250, 255 (Tex.App.—Fort Worth 1992, writ denied); *Leggett v. Brinson,* 817 S.W.2d 154, 158 (Tex.App.—El Paso 1991, no writ).

## CONCLUSION

Because holding otherwise would place an insurmountable burden on taxing authorities, we hold the provision in section 33.41(a) of the Texas Tax Code requiring suits for delinquent ad valorem taxes to be brought in the county where the real estate is located provides jurisdiction for that county that is dominant over the jurisdiction for probate procedures provided in sections 5(c), 5(e) and 5A(b) of the Texas Probate Code. Accordingly, these probate provisions do not extend to judgments and foreclosures for delinquent property taxes on property located outside the county of the probate proceeding. Further, we hold the estate waived any error regarding its capacity to be sued in the capacity in which Flower Mound brought suit by failing to raise that claim in a verified pleading.

We deny the relief the estate requested in its petition for writ of error and affirm the judgment of the trial court.