

**NUMBER 13-05-560-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**KIRK WAYNE McBRIDE, SR.**                                                **Appellant,**

**v.**

**MAIL SYSTEM COORDINATOR'S PANEL
AND DIRECTOR'S REVIEW COMMITTEE,**                        **Appellees.**

---

On appeal from the 156th District Court of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

This is an appeal from a default judgment rendered in favor of Kirk Wayne McBride,

Sr. against the Mail System Coordinator's Panel and Director's Review Committee—two

committees within the Texas Department of Criminal Justice–Institutional Division ("TDCJ").

McBride has appealed the default judgment claiming that it does not provide enough relief.

The Mail System Coordinator's Panel and Director's Review Committee (the "committees")

have filed a restricted cross-appeal claiming that service was defective and that they cannot be sued as separate legal entities. Because the record does not demonstrate strict compliance with the rules governing service of process, we reverse the trial court's judgment and remand for further proceedings.

## I. BACKGROUND

McBride is currently serving a 99-year sentence in the McConnell Unit of the TDCJ. He has brought two appeals arising out of the same lawsuit. The facts of the underlying lawsuit are set out in an opinion this Court issued in the companion appeal,[1] and we will not repeat them here except as necessary to explain the basic reasons for our holding today.[2]

McBride brought the underlying lawsuit against the committees, the TDCJ itself, several TDCJ employees, and the University of Texas Medical Branch.[3] McBride's claims center around a word processor he allegedly purchased and the defendants' refusal to deliver the word processor to him. He claimed that the committees converted the word processor and violated his right to due process. As to the other defendants, he claimed conversion, due process and equal protection violations, DTPA violations, breach of contract, fraud, and violations of the Eighth Amendment to the United States Constitution.

In his third amended original petition, McBride alleged that the Mail Systems Coordinator's Panel could be served through Susan Chiles, who he asserted was the

---

[1] *See generally McBride v. Tex. Dep't of Criminal Justice*, Nos. 13-05-391-CV, 13-05-392-CV, 2008 WL 521002 (Tex. App.–Corpus Christi Feb. 28, 2008, no pet. h.) (mem. op.).

[2] TEX. R. APP. P. 47.4 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.").

[3] The original case was assigned as trial court cause number B-01-1474-CV-B.

Program Administrator. McBride also alleged that the Director's Review Committee could be served through R.C. Thaler, who he claimed was the "Director of Classification." The record contains a citation by certified mail to these parties as specified in the petition, showing that the citations and petitions were mailed on March 26, 2004 and were received by a "J. Jones" on March 31, 2004. Neither committee filed an answer.

On April 11, 2005, McBride appeared in court to seek a default judgment against the committees. An assistant attorney general appeared for TDCJ, but she told the trial court that she did not have authority to answer or appear on the committees' behalf. A jury trial was held on April 14, 2005 on McBride's claims[4] against the other defendants, and McBride's motion for default judgment against the committees was tried to the court. After hearing the evidence, on May 31, 2005,[5] the trial court entered a default judgment against the committees, finding that the committees admitted the allegations of conversion and due process violations and ordering them to pay McBride $650 for conversion of the word processor. The trial court severed the action against the committees from the rest of the case and assigned it a new cause number.[6]

Apparently, the default judgment was not filed until June 1, 2005. On June 10, 2005, McBride filed a document titled "No Notice of Judgment," claiming that he did not receive notice of the trial court's default judgment until June 6, 2005. He also filed a

---

[4] Some of McBride's claims were dismissed prior to trial. As the disposition of those claims is not important to the current appeal, we will not discuss the trial court's orders in detail here.

[5] The judgment states that it was signed on March 31, 2005. On February 8, 2006, the committees moved for a judgment nunc pro tunc, pointing out that the date on the final default judgment was incorrect. Specifically, the committees pointed out that the trial court did not hear evidence until April 14, 2005, which was after the date of the judgment. The trial court granted the motion for judgment nunc pro tunc to correct the date on February 22, 2006.

[6] The default judgment was severed and assigned cause number B-01-1474-CV-B-2. The remainder of the case was the subject of the appeal in the companion case. *McBride*, 2008 WL 521002, at *1.

"Motion on No Notice of Judgment" on June 8, 2005, asking that the appellate timetable run from the date of his actual notice of the judgment. On June 24, 2005, McBride moved for a new trial complaining that the trial court's judgment did not award him the word processor. McBride filed a notice of appeal on August 22, 2005. The committees filed a notice of restricted appeal on October 27, 2005.

## II. ANALYSIS

McBride appeals and complains that the trial court should have ordered the committees to turn over the word processor. In their restricted cross-appeal, the committees complain that the default judgment should be reversed because: (1) a TDCJ committee cannot be served by delivery of a petition and citation to any TDCJ employee but must be served through the TDCJ's executive director; and (2) the committees do not have a separate legal existence and cannot be sued at all. Because the committees' argument regarding service or process affects the trial court's jurisdiction, we must address it first. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("[J]urisdiction is dependent upon citation issued and served in a manner provided for by law.").

### A. Defective Service

The committees have filed a restricted appeal. *See* TEX. R. APP. P. 30.[7] An appellant in a restricted appeal must show: "(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law;

---

[7] "A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c)." TEX. R. APP. P. 30.

4

and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here—the committees assert that McBride did not strictly comply with the rules regarding service of process and that the error is apparent on the face of the record. We agree.

In restricted appeals, "[t]here are no presumptions in favor of valid issuance, service, and return of service." *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). A default judgment will not survive a restricted appeal when the defendant "shows that it was not served in strict compliance with the rules governing service of process." *Harvestons Sec., Inc. v. Narnia Invs., Ltd.*, 218 S.W.3d 126, 133 (Tex. App.–Houston [14th Dist.] 2007, pet. denied).

The Texas Legislature has provided that when a plaintiff sues a state agency, certain procedures must be followed:

> In a suit against the state, citation must be served on the secretary of state. In other suits, citation must be served as in other civil cases *unless no method of service is provided by law,* in which case service may be on the administrative head of the governmental unit being sued. If the administrative head of the governmental unit is not available, the court in which the suit is pending may authorize service in any manner that affords the governmental unit a fair opportunity to answer and defend the suit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(c) (Vernon 2005) (emphasis added). In other words, in suits against governmental units, the administrative head of the governmental unit must be served with process unless another method of service is provided by law. *Id.*

The Texas Government Code provides that the executive director of the TDCJ "is the *only* person authorized to receive service on behalf of the board, department, or any division of the department." TEX. GOV'T CODE ANN. § 492.010(d) (Vernon 2004) (emphasis

5

added).[8] Thus, the Texas Legislature has provided the specific means by which the TDCJ or any of its divisions can be made a party to a suit—"only" by service upon the TDCJ's executive director. *Id.*; *Wright v. Tex. Dep't of Criminal Justice–Institutional Div.*, 68 S.W.3d 788, 791 (Tex. App.–Houston [14th Dist.] 2001, no pet.) (holding executive director of TDCJ was proper agent for service of process on TDCJ).

Here, McBride did not request service on TDCJ's executive director, who was the only person authorized by statute to receive service on a division of the TDCJ. Rather, McBride requested service upon, and the citation was issued to, TDCJ employees who apparently lead the committees McBride sued. Without any indication on the face of the record that these parties were authorized to receive service on behalf of the TDCJ, the default judgment was improper. This is error that is apparent on the face of the record. *See Harvestons Sec., Inc.*, 218 S.W.3d at 133 (holding error was apparent on face of record where service was made on Securities Commissioner through "JoAnn Kocerek," and record did not show that she was authorized to receive service on behalf of Commissioner or defendant).

McBride makes several arguments in response. First, he argues that the Court does not have jurisdiction over this appeal because the committees' notice of restricted appeal did not "allege that required for a restricted appeal." McBride does not explain this argument or reference any authority for his proposition. *See* TEX. R. APP. P. 38.1(h), 38.2(a). Moreover, the notice of restricted appeal is sufficient. It states that the committees are parties affected by the trial court's judgment; that they did not participate

---

[8] "Department" is defined as the "Texas Department of Criminal Justice." TEX. GOV'T CODE ANN. § 491.001(a)(3) (Vernon 2004).

6

personally or through an attorney in the default judgment hearing; and that they did not timely file any post-judgment motions, request for findings of fact and conclusions of law, or a notice of appeal. This is all the rules require. *See* TEX. R. APP. P. 25.1(d).

Second, McBride argues that a restricted appeal is only available if the appellant did not participate in the trial and did not discover that a judgment had been rendered against it until after the judgment was signed, without opportunity to rid itself of the unfair judgment. For this proposition, he cites *Noriega v. Cueves*, 879 S.W.2d 192 (Tex. App.–Houston [14th Dist.] 1994, writ denied). Although that case held that a writ of error is not available to a plaintiff who suffered a judgment because of his own lack of diligence and appears to support McBride's argument, it has been overruled by the Texas Supreme Court. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996).

In *Texaco*, the supreme court held that, unlike a bill of review, a writ of error proceeding was not an equitable proceeding but, rather, was a form of appeal. *Id.* Accordingly, it held that "[a]s in an ordinary appeal, a writ of error appellant is not required to show diligence or lack of negligence before its complaints will be heard." *Id.* This same rule applies to restricted appeals, which replaced the former writ of error practice. *See* TEX. R. APP. P. 30 ("Restricted appeals replace writ of error appeals to the court of appeals. Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals.").

In fact, the Texas Supreme Court has held that a party may take a restricted appeal challenging service of process even if that party had actual knowledge that a suit was filed because proper service is required for the court to acquire jurisdiction over the defendant. *Wilson*, 800 S.W.2d at 837 ("Absent service, waiver, or citation, mere

7

knowledge of a pending suit does not place any duty on a defendant to act. Consequently, Dunn's knowledge that Wilson had sued him and his actual receipt of suit papers is not sufficient to invoke the district court's jurisdiction to render default judgment against him."); *see also Harvestons Sec., Inc.,* 218 S.W.3d at 132 ("Thus, even presuming that Harvestons had actual knowledge of Narnia's lawsuit, it still would not be proper to affirm the default judgment on this basis."); *N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 721 (Tex. App.–Austin 2002, pet. denied) ("Absent strict compliance with service requirements, however, not even actual awareness of the suit by the proper defendant confers jurisdiction."). Accordingly, we sustain the committees' first issue and reverse the default judgment.

## B.    Existence of a Separate Entity

By their second issue, the committees argue that they cannot be sued because although the Texas Government Code establishes the TDCJ, it does not recognize the committees as separate legal entities. Because these entities cannot be sued, they reason that McBride could not properly take a default judgment against them.

Whether a party is a legal entity that can be sued is a capacity issue, not a standing issue. *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 728 & n.6 (Tex. App.–Corpus Christi 1994, writ denied). The lack of capacity to be sued is a defense that must be raised in the trial court by a verified denial, and it can be waived. TEX. R. CIV. P. 93; *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006) (holding trust waived argument that it lacked capacity to be sued by failing to file a verified denial). The committees were not properly served and did not appear in the trial court; therefore, this issue was not raised below. Accordingly, it is inappropriate for this Court to address it now.

8

*Estate of Crawford v. Town of Flower Mound*, 933 S.W.2d 727, 730 (Tex. App.–Fort Worth 1996, writ denied) (refusing to review capacity issue in restricted appeal because issue had not been raised by verified denial in the trial court). Because we have determined that the committees were not properly served, we need not decide whether they had legal capacity to be sued. They will have the opportunity to raise this defense in the event that McBride properly re-serves his petition. We overrule the committees' second issue.

## C.    The Trial Court's Failure to Award the Word Processor

McBride complains that the trial court erred in failing to order the committees to turn over the word processor. Because we have held that McBride failed to properly serve the committees, the trial court lacked jurisdiction to order any relief, much less order the committees to return the word processor. *Wilson*, 800 S.W.2d at 836. Accordingly, we must overrule his issue.

## III. CONCLUSION

Having sustained the committees' first issue, we reverse the trial court's judgment and remand for further proceedings consistent with our opinion.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 22nd day of May, 2008.

9