NUMBER 13-05-560-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

KIRK WAYNE McBRIDE, SR. Appellant,


v.
 


MAIL SYSTEM COORDINATOR'S PANEL

AND DIRECTOR'S REVIEW COMMITTEE, Appellees.

 


On appeal from the 156th District Court of Bee County, Texas.


 




MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Justice Benavides



 This is an appeal from a default judgment rendered in favor of Kirk Wayne McBride,
Sr. against the Mail System Coordinator's Panel and Director's Review Committee--two
committees within the Texas Department of Criminal Justice-Institutional Division ("TDCJ"). 
McBride has appealed the default judgment claiming that it does not provide enough relief. 
The Mail System Coordinator's Panel and Director's Review Committee (the "committees")
have filed a restricted cross-appeal claiming that service was defective and that they
cannot be sued as separate legal entities. Because the record does not demonstrate strict
compliance with the rules governing service of process, we reverse the trial court's
judgment and remand for further proceedings.

I. Background


 McBride is currently serving a 99-year sentence in the McConnell Unit of the TDCJ. 
He has brought two appeals arising out of the same lawsuit. The facts of the underlying
lawsuit are set out in an opinion this Court issued in the companion appeal, (1) and we will
not repeat them here except as necessary to explain the basic reasons for our holding
today. (2)

 McBride brought the underlying lawsuit against the committees, the TDCJ itself,
several TDCJ employees, and the University of Texas Medical Branch. (3) McBride's claims
center around a word processor he allegedly purchased and the defendants' refusal to
deliver the word processor to him. He claimed that the committees converted the word
processor and violated his right to due process. As to the other defendants, he claimed
conversion, due process and equal protection violations, DTPA violations, breach of
contract, fraud, and violations of the Eighth Amendment to the United States Constitution. 

 In his third amended original petition, McBride alleged that the Mail Systems
Coordinator's Panel could be served through Susan Chiles, who he asserted was the
Program Administrator. McBride also alleged that the Director's Review Committee could
be served through R.C. Thaler, who he claimed was the "Director of Classification." The
record contains a citation by certified mail to these parties as specified in the petition,
showing that the citations and petitions were mailed on March 26, 2004 and were received
by a "J. Jones" on March 31, 2004. Neither committee filed an answer.

 On April 11, 2005, McBride appeared in court to seek a default judgment against
the committees. An assistant attorney general appeared for TDCJ, but she told the trial
court that she did not have authority to answer or appear on the committees' behalf. A jury
trial was held on April 14, 2005 on McBride's claims (4) against the other defendants, and
McBride's motion for default judgment against the committees was tried to the court. After
hearing the evidence, on May 31, 2005, (5) the trial court entered a default judgment against
the committees, finding that the committees admitted the allegations of conversion and due
process violations and ordering them to pay McBride $650 for conversion of the word
processor. The trial court severed the action against the committees from the rest of the
case and assigned it a new cause number. (6)

 Apparently, the default judgment was not filed until June 1, 2005. On June 10,
2005, McBride filed a document titled "No Notice of Judgment," claiming that he did not
receive notice of the trial court's default judgment until June 6, 2005. He also filed a
"Motion on No Notice of Judgment" on June 8, 2005, asking that the appellate timetable
run from the date of his actual notice of the judgment. On June 24, 2005, McBride moved
for a new trial complaining that the trial court's judgment did not award him the word
processor. McBride filed a notice of appeal on August 22, 2005. The committees filed a
notice of restricted appeal on October 27, 2005.

 II. Analysis

 McBride appeals and complains that the trial court should have ordered the
committees to turn over the word processor. In their restricted cross-appeal, the
committees complain that the default judgment should be reversed because: (1) a TDCJ
committee cannot be served by delivery of a petition and citation to any TDCJ employee
but must be served through the TDCJ's executive director; and (2) the committees do not
have a separate legal existence and cannot be sued at all. Because the committees'
argument regarding service or process affects the trial court's jurisdiction, we must address
it first. Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990) ("[J]urisdiction is dependent
upon citation issued and served in a manner provided for by law.").

A. Defective Service

 The committees have filed a restricted appeal. See Tex. R. App. P. 30. (7) An
appellant in a restricted appeal must show: "(1) it filed notice of the restricted appeal within
six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3)
it did not participate in the hearing that resulted in the judgment complained of and did not
timely file any postjudgment motions or requests for findings of fact and conclusions of law;
and (4) error is apparent on the face of the record." Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here--the committees
assert that McBride did not strictly comply with the rules regarding service of process and
that the error is apparent on the face of the record. We agree.

 In restricted appeals, "[t]here are no presumptions in favor of valid issuance, service,
and return of service." Fid. & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 573-74 (Tex. 2006); Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994). A default
judgment will not survive a restricted appeal when the defendant "shows that it was not
served in strict compliance with the rules governing service of process." Harvestons Sec.,
Inc. v. Narnia Invs., Ltd., 218 S.W.3d 126, 133 (Tex. App.-Houston [14th Dist.] 2007, pet.
denied). 

 The Texas Legislature has provided that when a plaintiff sues a state agency,
certain procedures must be followed: 

 In a suit against the state, citation must be served on the secretary of state.
In other suits, citation must be served as in other civil cases unless no
method of service is provided by law, in which case service may be on the
administrative head of the governmental unit being sued. If the administrative
head of the governmental unit is not available, the court in which the suit is
pending may authorize service in any manner that affords the governmental
unit a fair opportunity to answer and defend the suit.

 

Tex. Civ. Prac. & Rem. Code Ann. § 101.102(c) (Vernon 2005) (emphasis added). In other
words, in suits against governmental units, the administrative head of the governmental
unit must be served with process unless another method of service is provided by law. Id. 
 The Texas Government Code provides that the executive director of the TDCJ "is
the only person authorized to receive service on behalf of the board, department, or any
division of the department." Tex. Gov't Code Ann. § 492.010(d) (Vernon 2004) (emphasis
added). (8) Thus, the Texas Legislature has provided the specific means by which the TDCJ
or any of its divisions can be made a party to a suit--"only" by service upon the TDCJ's
executive director. Id.; Wright v. Tex. Dep't of Criminal Justice-Institutional Div., 68
S.W.3d 788, 791 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (holding executive director
of TDCJ was proper agent for service of process on TDCJ).

 Here, McBride did not request service on TDCJ's executive director, who was the
only person authorized by statute to receive service on a division of the TDCJ. Rather,
McBride requested service upon, and the citation was issued to, TDCJ employees who
apparently lead the committees McBride sued. Without any indication on the face of the
record that these parties were authorized to receive service on behalf of the TDCJ, the
default judgment was improper. This is error that is apparent on the face of the record. 
See Harvestons Sec., Inc., 218 S.W.3d at 133 (holding error was apparent on face of
record where service was made on Securities Commissioner through "JoAnn Kocerek,"
and record did not show that she was authorized to receive service on behalf of
Commissioner or defendant). 

 McBride makes several arguments in response. First, he argues that the Court
does not have jurisdiction over this appeal because the committees' notice of restricted
appeal did not "allege that required for a restricted appeal." McBride does not explain this
argument or reference any authority for his proposition. See Tex. R. App. P. 38.1(h),
38.2(a). Moreover, the notice of restricted appeal is sufficient. It states that the
committees are parties affected by the trial court's judgment; that they did not participate
personally or through an attorney in the default judgment hearing; and that they did not
timely file any post-judgment motions, request for findings of fact and conclusions of law,
or a notice of appeal. This is all the rules require. See Tex. R. App. P. 25.1(d).

 Second, McBride argues that a restricted appeal is only available if the appellant did
not participate in the trial and did not discover that a judgment had been rendered against
it until after the judgment was signed, without opportunity to rid itself of the unfair judgment. 
For this proposition, he cites Noriega v. Cueves, 879 S.W.2d 192 (Tex. App.-Houston
[14th Dist.] 1994, writ denied). Although that case held that a writ of error is not available
to a plaintiff who suffered a judgment because of his own lack of diligence and appears to
support McBride's argument, it has been overruled by the Texas Supreme Court. See
Texaco, Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 590 (Tex. 1996). 

 In Texaco, the supreme court held that, unlike a bill of review, a writ of error
proceeding was not an equitable proceeding but, rather, was a form of appeal. Id. 
Accordingly, it held that "[a]s in an ordinary appeal, a writ of error appellant is not required
to show diligence or lack of negligence before its complaints will be heard." Id. This same
rule applies to restricted appeals, which replaced the former writ of error practice. See
Tex. R. App. P. 30 ("Restricted appeals replace writ of error appeals to the court of appeals.
Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted
appeals."). 

 In fact, the Texas Supreme Court has held that a party may take a restricted
appeal challenging service of process even if that party had actual knowledge that a suit
was filed because proper service is required for the court to acquire jurisdiction over the
defendant. Wilson, 800 S.W.2d at 837 ("Absent service, waiver, or citation, mere
knowledge of a pending suit does not place any duty on a defendant to act. Consequently,
Dunn's knowledge that Wilson had sued him and his actual receipt of suit papers is not
sufficient to invoke the district court's jurisdiction to render default judgment against him.");
see also Harvestons Sec., Inc., 218 S.W.3d at 132 ("Thus, even presuming that
Harvestons had actual knowledge of Narnia's lawsuit, it still would not be proper to affirm
the default judgment on this basis."); N.C. Mut. Life Ins. Co. v. Whitworth, 124 S.W.3d 714,
721 (Tex. App.-Austin 2002, pet. denied) ("Absent strict compliance with service
requirements, however, not even actual awareness of the suit by the proper defendant
confers jurisdiction."). Accordingly, we sustain the committees' first issue and reverse the
default judgment.

B. Existence of a Separate Entity

 By their second issue, the committees argue that they cannot be sued because
although the Texas Government Code establishes the TDCJ, it does not recognize the
committees as separate legal entities. Because these entities cannot be sued, they reason
that McBride could not properly take a default judgment against them. 

 Whether a party is a legal entity that can be sued is a capacity issue, not a standing
issue. Herschbach v. City of Corpus Christi, 883 S.W.2d 720, 728 & n.6 (Tex.
App.-Corpus Christi 1994, writ denied). The lack of capacity to be sued is a defense that
must be raised in the trial court by a verified denial, and it can be waived. Tex. R. Civ. P.
93; Ray Malooly Trust v. Juhl, 186 S.W.3d 568, 571 (Tex. 2006) (holding trust waived
argument that it lacked capacity to be sued by failing to file a verified denial). The
committees were not properly served and did not appear in the trial court; therefore, this
issue was not raised below. Accordingly, it is inappropriate for this Court to address it now. 
Estate of Crawford v. Town of Flower Mound, 933 S.W.2d 727, 730 (Tex. App.-Fort Worth
1996, writ denied) (refusing to review capacity issue in restricted appeal because issue had
not been raised by verified denial in the trial court). Because we have determined that the
committees were not properly served, we need not decide whether they had legal capacity
to be sued. They will have the opportunity to raise this defense in the event that McBride
properly re-serves his petition. We overrule the committees' second issue.

C. The Trial Court's Failure to Award the Word Processor 

 McBride complains that the trial court erred in failing to order the committees to turn
over the word processor. Because we have held that McBride failed to properly serve the
committees, the trial court lacked jurisdiction to order any relief, much less order the
committees to return the word processor. Wilson, 800 S.W.2d at 836. Accordingly, we
must overrule his issue.

III. Conclusion

 Having sustained the committees' first issue, we reverse the trial court's judgment
and remand for further proceedings consistent with our opinion.


 

 _____________________________ 

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 22nd day of May, 2008. 
1. See generally McBride v. Tex. Dep't of Criminal Justice, Nos. 13-05-391-CV, 13-05-392-CV, 2008
WL 521002 (Tex. App.-Corpus Christi Feb. 28, 2008, no pet. h.) (mem. op.).
2. Tex. R. App. P. 47.4 ("If the issues are settled, the court should write a brief memorandum opinion
no longer than necessary to advise the parties of the court's decision and the basic reasons for it."). 
3. The original case was assigned as trial court cause number B-01-1474-CV-B.
4. Some of McBride's claims were dismissed prior to trial. As the disposition of those claims is not
important to the current appeal, we will not discuss the trial court's orders in detail here.
5. The judgment states that it was signed on March 31, 2005. On February 8, 2006, the committees
moved for a judgment nunc pro tunc, pointing out that the date on the final default judgment was incorrect. 
Specifically, the committees pointed out that the trial court did not hear evidence until April 14, 2005, which
was after the date of the judgment. The trial court granted the motion for judgment nunc pro tunc to correct
the date on February 22, 2006.
6. The default judgment was severed and assigned cause number B-01-1474-CV-B-2. The remainder
of the case was the subject of the appeal in the companion case. McBride, 2008 WL 521002, at *1.
7. "A party who did not participate--either in person or through counsel--in the hearing that resulted
in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact
and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of
appeal within the time permitted by Rule 26.1(c)." Tex. R. App. P. 30.
8. "Department" is defined as the "Texas Department of Criminal Justice." Tex. Gov't Code Ann. §
491.001(a)(3) (Vernon 2004).